IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 1, 2003 Session


**DONALD WALLACE v. STATE OF TENNESSEE**


**An Appeal by Permission from the Court of Criminal Appeals
Circuit Court for Stewart County
No. 4-769-CR-96    Robert E. Burch, Judge**

---

**No. M2001-02722-SC-R11-PC - Filed December 23, 2003**

---

We granted this appeal to determine whether the trial court properly granted the defendant post-conviction relief in the form of a delayed direct appeal on the ground that counsel's failure to file a motion for new trial resulted in the waiver of all issues on direct appeal except for sufficiency of the evidence. The Court of Criminal Appeals dismissed the appeal after concluding that the trial court lacked the statutory authority to grant a delayed appeal and that the defendant had not suffered any prejudice from counsel's performance. After reviewing the record and applicable authority, we conclude that the trial court properly granted a delayed appeal based upon ineffective assistance of counsel. We therefore reverse the Court of Criminal Appeals, affirm the trial court's grant of a delayed appeal, and remand to the Court of Criminal Appeals for review of the issues presented by the defendant's motion for a new trial.


**Tenn. R. App. P. 11  Appeal by Permission; Judgment of the Court of Criminal Appeals
Reversed; Case Remanded to the Court of Criminal Appeals**


E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Richard McGee and James O. Martin, III, Nashville, Tennessee, for the Appellant, Donald Wallace.

Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## BACKGROUND

In September of 1999, the defendant, Donald Wallace, filed a post-conviction petition seeking to obtain a delayed direct appeal of his 1996 conviction. Our factual summary is taken from the post-conviction proceedings.[1]

Wallace was indicted for first degree murder in the 1996 killing of Melinda Sue Perrin. Wallace retained counsel and executed an agreement explicitly stating that trial counsel would be responsible only for representation at trial and would not be responsible for handling any potential appeals. Wallace was convicted of first degree murder by a jury, and the trial court entered a judgment of conviction on January 31, 1997.

After the conviction, trial counsel sent Wallace a letter instructing him how to prepare a motion for new trial and what legal issues should be raised but did not obtain court approval to withdraw as attorney of record. Wallace filed a timely *pro se* motion for new trial on February 6, 1997. Because trial counsel had failed to withdraw, however, the trial court refused to consider the *pro se* motion.[2] On May 20, 1997, trial counsel filed a motion for new trial, and on May 28, 1997, Wallace filed a second *pro se* motion for new trial, alleging that the evidence was insufficient to support the jury's verdict, that the trial court erred in admitting hearsay evidence and other evidence, and that the trial judge made inappropriate comments in the presence of the jury.[3] The trial court granted trial counsel's motion to be relieved from representing the defendant, but did not grant either of the two late-filed motions for new trial.

On appeal, the Court of Criminal Appeals concluded that because no timely motion for new trial had been filed, all issues were waived on appeal except for sufficiency of the evidence. See Tenn. R. App. P. 3(e).[4] The appellate court held that the evidence was insufficient to support first degree murder, and it remanded to the trial court for re-sentencing for second degree murder. Upon remand, the trial court sentenced Wallace to twenty-five years for second degree murder. Wallace appealed this re-sentencing, which the Court of Criminal Appeals affirmed.

---

[1] For a detailed recitation of the substantive facts in this case, refer to State v. Wallace, No. 01C01-9711-CC-00526, 1998 WL 670627 (Tenn. Crim. App. Sept. 30, 1998), the defendant's initial direct appeal.

[2] State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976) (holding that a defendant may not proceed *pro se* when simultaneously represented by counsel).

[3] Though the defendant's first *pro se* motion for a new trial and the motion for a new trial filed by trial counsel are not contained in the record, there is no dispute that the motions were filed.

[4] Pursuant to Tennessee Rule of Appellate Procedure 3(e), issues not specifically raised in a timely motion for a new trial, other than sufficiency of the evidence, are not reviewed on appeal.

In a petition for post-conviction relief, Wallace, now represented by new counsel, alleged that his original trial counsel was ineffective for failing to file a timely motion for new trial. The petition alleged that the defendant was prejudiced in his original trial because the trial court allowed the State to present inadmissible hearsay evidence that the victim had previously stated that she was afraid of the defendant, which directly contradicted evidence presented by the defendant that the victim had been treated kindly by the defendant. The petition further alleged that the State withheld exculpatory evidence as to the victim's state of mind prior to trial and that the prosecution had in its possession a Tennessee Bureau of Investigation agent's report that would have provided a basis to impeach the prejudicial hearsay testimony.[5]

In a hearing on the petition, Wallace argued that these errors were prejudicial and provided sufficient grounds for a delayed appeal and a new trial. The post-conviction trial court found that Wallace had been denied his direct appeal of these issues due to the ineffectiveness of counsel in failing to file a motion for new trial. The trial court granted a delayed appeal, allowed the defendant to file a motion for new trial, and then denied the motion. The Court of Criminal Appeals dismissed the delayed appeal, however, concluding that Wallace had received a direct appeal, though only on the issue of the sufficiency of the evidence. The appellate court concluded that the defendant had not been prejudiced and that the trial court lacked the authority to grant a delayed appeal.

We granted the defendant's application for permission to appeal.

**STANDARD OF REVIEW**

Since this case arises from the Post-Conviction Procedure Act, Tennessee Code Annotated section 40-30-101, *et seq.* (2003), the defendant is required to prove the allegation contained in his petition by clear and convincing evidence. Nichols v. State, 90 S.W.3d 576, 586 (Tenn. 2002). A trial court's factual findings shall not be disturbed unless the evidence in the record preponderates against them. Id. Determinations of whether counsel provided a defendant constitutionally deficient assistance present mixed questions of law and fact. Id.. As such, our review is de novo, and we accord the conclusions reached below no presumption of correctness. Id.

In this case, the Court of Criminal Appeals based its opinion largely upon its interpretation of the statutory law applicable to delayed direct appeals. Statutory interpretation presents a question of law, which we review de novo, according the conclusions reached below no presumption of correctness. State v. Tait, 114 S.W.3d 518, 521 (Tenn. 2003).

---

[5] Among other contentions, the State maintained that it provided trial counsel complete access to its files, and as such, it satisfied the requirements of Brady v. Maryland, 373 U.S. 83 (1963). The trial court agreed and determined that this issue was without merit.

## ANALYSIS

The defendant contends that the trial court properly granted a delayed appeal under the facts of this case and that the Court of Criminal Appeals erred by reversing the trial court's ruling and dismissing the appeal. The defendant requests a new trial or a remand to the Court of Criminal Appeals to address the issues raised in his delayed motion for new trial. The State contends that the Court of Criminal Appeals correctly dismissed the appeal.

We begin our analysis by reviewing when a defendant may obtain a delayed appeal as set forth in Tennessee Code Annotated section 40-30-113 (2003):

> (a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was *denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee* and that there is an adequate record of the original trial proceeding available for such review, the judge can:
>
> (1) [G]rant a delayed appeal; or
>
> * * *
>
> (3) If a motion for a new trial was filed in the original proceeding, authorize such motion to be made before the original trial court within thirty (30) days. Such motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

(Emphasis added). Similarly, Tennessee Code Annotation section 40-30-111(a) provides, in part:

> If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or order a delayed appeal as provided in this part and shall enter an appropriate order.

Accordingly, these statutes clearly indicate that a defendant may receive a delayed appeal where there has been a denial of the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. In determining whether a defendant has been denied the constitutional right to effective counsel, courts apply a two-pronged test. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also State v. Burns, 6 S.W.3d 459, 461 (Tenn. 1999).

First, a defendant must prove that counsel was ineffective by showing errors made by counsel that caused the assistance of counsel to fall below prevailing professional norms. Strickland, 466 U.S. at 687. In making this assessment, however, courts must be deferential to the tactical decisions of counsel and must not base assessments on a lawyer's competence from the clear perspective of hindsight. Id. at 689.

Second, upon establishing that counsel was deficient, the petitioner must establish a reasonable probability that the outcome of the trial would have been different but for the deficiencies of counsel. Strickland, 466 U.S. at 687, 694. Although this second prong of the Strickland analysis is commonly referred to as "actual prejudice," see, e.g., Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994), there is a small category of cases in which actual prejudice need not be shown. See United States v. Cronic, 466 U.S. 648 (1984). In Cronic, for example, which was decided on the same day as Strickland, the United States Supreme Court stated that there are situations where counsel's performance is so deficient that it becomes presumptively prejudicial. Cronic, 466 U.S. at 658. In comparing this level of ineffective counsel to the complete denial of counsel, the Court concluded that when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," the process becomes "presumptively unreliable" and proof of actual prejudice is not required. Id. at 659.

With regard to the first prong of Strickland, we conclude that counsel's failure to file a timely motion for new trial, as well as his failure to withdraw so as to allow the defendant to file a *pro se* motion for new trial, was deficient. Indeed, counsel's failure to take any timely action following trial created a Catch-22 predicament – Wallace had counsel in name only, who failed to preserve Wallace's post-trial and appellate remedies, yet having that counsel also prevented him from proceeding in a *pro se* fashion to preserve his remedies. In short, counsel's performance clearly fell below the established professional norms. We are also of the opinion that trial counsel's failure to file a timely motion for new trial, despite the clear desire of the defendant to do so, constitutes deficient performance notwithstanding the retainer agreement that purported to limit counsel's representation to trial work. Taking necessary steps to preserve post-trial remedies, including the filing of a motion for new trial, are clearly responsibilities of counsel:

> Duties of Counsel Regarding Appeal. – An attorney retained by the defendant to represent the defendant for the trial, and not upon appeal, shall timely advise the trial court of this fact at the hearing on the motion for a new trial. Thereupon, such counsel will be permitted to withdraw as counsel of record.

Tenn. R. Crim. P. 37(e).

With regard to the second prong of Strickland, we note first that the Court of Criminal Appeals concluded that the defendant was not prejudiced because he had the benefit of a direct appeal on the issue of sufficiency of the evidence and thus was not entitled to a delayed direct appeal under Tennessee Code Annotated section 40-13-113. The court reasoned:

we [do not] see an applicable constitutional imperative for allowing the second appeal in the absence of a showing of prejudice. To obtain post-conviction relief, the [defendant] needed to demonstrate ineffective assistance of counsel – that is, both deficient performance and actual prejudice in the sense that had specific issues been included in a new-trial motion and addressed on appeal, they would have resulted in a new trial or other appropriate relief.

We disagree that the prejudice prong of the analysis can be resolved simply by reasoning that Wallace had direct review on the issue of sufficiency of evidence alone. Nothing in the statutory language of Tennessee Code Annotated section 40-30-113 specifically limits the trial court's discretion to order a delayed direct appeal to circumstances where there was a complete denial of a direct appeal. Indeed, the Court of Criminal Appeals' reasoning would eliminate the remedy of a delayed appeal in all cases in which counsel completely fails to preserve post-trial and appellate review of any issues other than sufficiency of the evidence. We cannot dispose of the issue of whether the defendant was unconstitutionally denied a direct appeal based solely upon a determination that there was appellate review of one unwaived issue.

We likewise disagree with the Court of Criminal Appeals' conclusion that the defendant is required to demonstrate actual prejudice from counsel's deficient performance. Counsel failed to file a timely motion for new trial or, at the very least, a motion to withdraw as counsel so the defendant could file a proper and timely *pro se* motion. Counsel's abandonment of his client at such a critical stage of the proceedings resulted in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process. See Cronic, 466 U.S. at 659. Counsel's deficient performance was, therefore, presumptively prejudicial and supported the trial court's grant of a delayed appeal under Tennessee Code Annotated section 40-30-113.

In reaching this conclusion, we observe that the United States Supreme Court has indicated that ineffective assistance of counsel can result in "the forfeiture of a proceeding [such as a direct appeal] itself." Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000). In Flores-Ortega, a federal habeas corpus case, the petitioner complained that his trial counsel failed to file a notice of appeal, apparently barring the petitioner's appeal. Id. at 474. The Court observed:

We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See Rodriquez v. United States, 395 U.S. 327 (1969); cf. Peguero v. United States, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice.

Flores-Ortega, 528 U.S. at 477 (parallel citations in original omitted) (bracketing in original). The Court also commented that its holding was supported by Cronic: that the complete denial of counsel during a critical stage of judicial proceedings renders those proceedings "presumptively unreliable." Id. at 483 (citing Cronic, 466 U.S. at 659). Accordingly, the Court held that "to show prejudice, . . . a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

Other states have followed the rationale of Flores-Ortega and Cronic. In State v. Trotter, 609 N.W.2d 33 (Neb. 2000), the Supreme Court of Nebraska held:

> that after a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.

Id. at 41. We find the reasoning of these courts persuasive. See also People v. Edwards, 757 N.E.2d 442 (Ill. 2001); State v. Rogers, 32 P.3d 724 (Mont. 2001); State v. Wicker, 20 P.3d 1007 (Wash. Ct. App. 2001).

As these courts have recognized, the key issue is the failure of trial counsel to file the specified pleading resulting in the defendant being deprived of complete appellate review on direct appeal. In Edwards, the Supreme Court of Illinois held that if trial counsel fails to file motions to withdraw a guilty plea and to appeal, despite the petitioner's desire to do so, counsel's assistance would be constitutionally ineffective. 757 N.E.2d at 452-53. In Wicker, the Court of Appeals of Washington held "that an attorney's failure to file a requested notice of appeal is 'professionally unreasonable'" and that "[t]he defendant need not make any additional showing of prejudice." 20 P.3d at 1009. These state court cases, citing Flores-Ortega and Cronic, emphasized that trial counsel's failure to file motions to preserve appeals amounted to ineffective assistance, rendered the related proceedings "presumptively unreliable," and raised a presumption of prejudice to the defendants. See also Rogers, 32 P.3d at 729 (adopting in dicta the rule of Flores-Ortega in a case where a defendant would have appealed but for counsel's ineffectiveness).

In Flores-Ortega, the United States Supreme Court rejected a *per se* rule that would presume prejudice whenever trial counsel, without the explicit direction of the client, failed to file a notice of appeal, and instead required proof that the defendant would have appealed. Id. at 480. We likewise decline to adopt a *per se* rule regarding a trial counsel's failure to file a motion for new trial; instead, a petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence. This rule protects a defendant's constitutional right to effective counsel, while preventing petitioners from pursuing

untimely direct appeals in cases where they have in fact received effective assistance of counsel in connection with post-trial procedure.[6]

We also note that the United States Supreme Court in the recent case of Bell v. Cone, 535 U.S. 685 (2002), discussed the Cronic standard. In Cone, a Tennessee capital case on certiorari from the United States Court of Appeals for the Sixth Circuit, the United States Supreme Court reversed the Sixth Circuit's grant of a writ of habeas corpus and held that the Court of Criminal Appeals of Tennessee properly applied the conventional Strickland test rather than Cronic. Id. at 698. Writing for the majority, Justice Rehnquist stated that "[w]hen we spoke in Cronic of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete." Id. at 696-97. In Cone, the high court ultimately determined that counsel's errors were sporadic in nature, rather than complete. Id. at 697-98. Therefore, the United States Supreme Court held that the Court of Criminal Appeals properly applied the Strickland test for "actual prejudice." Id.

As we have previously stated, we find that trial counsel's deficiencies post-trial amounted to a complete failure to subject the State's case to appellate scrutiny. As a result, we hold that in the case at bar, the Court of Criminal Appeals erred in applying only the Strickland test.

Accordingly, we hold that counsel's performance following the defendant's conviction was deficient and presumptively prejudicial. As a direct result of counsel's ineffective assistance, the defendant was procedurally barred from pursuing issues on appeal, and the State's case was not subjected to adversarial scrutiny upon appeal.

## CONCLUSION

After reviewing the record and applicable authority, we conclude that the trial court properly granted a delayed appeal based upon ineffective assistance of counsel. We therefore reverse the Court of Criminal Appeals, affirm the trial court's grant of a delayed appeal, and remand to the Court of Criminal Appeals for review of the issues presented by the defendant's appeal from the trial court's denial of his motion for a new trial. Costs are taxed to the State of Tennessee.

---

[6] The State's reliance on the unpublished case of State v. Griffin, No. E2000-02471-CCA-R3-CD, 2001 WL 710178 (Tenn. Crim. App. June 25, 2001), which was also relied upon by the Court of Criminal Appeals, is misplaced. In Griffin, a petitioner sought a delayed appeal on the basis that counsel was ineffective for failing to include certain issues in the direct appeal. The Court of Criminal Appeals concluded that there was no evidence of actual prejudice to that petitioner under Strickland and upheld the denial of a delayed appeal. The decision in Griffin is distinguishable from the present case, however, in that the petitioner's counsel in that case filed a motion for a new trial and did not completely fail to subject the State to any direct appellate scrutiny. In contrast, Wallace's counsel completely failed to file a motion for new trial, move to withdraw as counsel, or otherwise preserve appellate review of the defendant's conviction. As such, trial counsel's performance was presumptively prejudicial under the reasoning in Cronic and Flores-Ortega.

_____
E. RILEY ANDERSON, JUSTICE