IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 11, 2005

## MIKE LITTLES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7410     Joseph H. Walker, Judge**

———————————

**No. W2004-00596-CCA-R3-PC  - Filed April 6, 2005**

———————————

The petitioner, Mike Littles, appeals the trial court's denial of his petition for post-conviction relief.[1] The sole issue presented for review is whether the petitioner entered an involuntary plea due to ineffective assistance of counsel at trial.  After reviewing the matter, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which David G. Hayes and JOHN EVERETT WILLIAMS, JJ., joined.

Clifford K. McGown, Jr.(on appeal); Gary F. Antrican, District Public Defender and Julie K. Pillow, Assistant Public Defender (counsel at trial and of counsel on appeal), for the appellant, Mike Littles.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Facts and Procedural History**

On May 27, 2003, the petitioner pled guilty to theft of property having a value of $1,000 or more but less than $10,000, a Class D felony.  Before accepting the guilty plea, the trial judge informed the petitioner as to the charge and the terms of the proposed plea agreement.  Under the plea agreement, the State was to seek conviction of the petitioner as a persistent, rather than a career, offender.  The petitioner acknowledged that he both understood the plea agreement and was satisfied with his representation.  Consequently, the trial judge sentenced the petitioner as a Range III persistent offender to eight years in the Department of Correction.

---

[1]  It is the policy of this Court to state the petitioner's name as it appears on the post-conviction petition.

Seven months later, the petitioner filed a *pro se* petition for post-conviction relief, alleging that his plea was involuntary due to ineffective assistance of counsel. Specifically, the petitioner argued that his trial counsel (Counsel) misled and coerced him to enter into a plea agreement and failed to inform him regarding sentencing enhancement factors.

On February 6, 2004, the trial court held an evidentiary hearing on the petition. At the hearing, Counsel testified that she met with the petitioner six "lengthy" times, responded to the petitioner's letters twelve or more times, and had talked with him multiple times over the phone. Counsel introduced two letters showing that the petitioner had thanked her for the amount of time spent on his case.[2]

Counsel denied ever coercing the petitioner to enter the plea agreement. She testified that she had prepared a thorough synopsis of the preliminary hearing and had reviewed it "paragraph by paragraph" with the petitioner. Counsel further testified that she reviewed the petitioner's past record with him and had specifically discussed the possibility of enhanced punishment.

The petitioner admitted that Counsel had investigated his case and filed all the motions that he had requested. He also acknowledged that Counsel discussed the potential consequences of a guilty plea with him before he entered the guilty plea. However, the petitioner claimed that Counsel assured him a sentence in the county jail. Counsel denied making any assurances and introduced a letter that she had written to the petitioner that states, "[t]his is up to you whether or not your behavior warrants a transfer from the Lauderdale County jail to Department of Corrections [sic]."

The trial court subsequently dismissed the petition and stated:
The defendant was informed what the sentence on the plea entered would be. The defendant agreed to the sentence. The defendant was asked if he was satisfied with the representation of [Counsel] and he stated he was, and that he felt that he had adequate time to meet with her and discuss this case and any defense to these charges. The defendant testified that no one had forced him to enter this plea of guilty, and that he did not have any questions about the proceeding.
. . . .
The Petitioner is not satisfied because he was transferred to TDOC. [Counsel] investigated the transfer and found that the Petitioner violated the jail rules and mailed a letter to Petitioner explaining. The Petitioner was not guaranteed that he would stay at jail to serve the sentence which was to TDOC. He was being held at the local facility as a state inmate, which he understood could change.
. . . .

---

2

 The two letters were written by the petitioner on 4/16/03 and 4/19/03 and were collectively introduced as Exhibit 7 at the hearing. The first letter (4/16/03) begins by thanking Counsel for appearing at the parole hearing. At the conclusion of the letter, the petitioner writes: "Thanks for everything." The second letter (4/19/03) begins: "I want you to know I do appreciate all the time you have/are spending on my case I truly do appreciate."

The Court finds that petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210. The petitioner has not shown that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. The petitioner has not shown that the services rendered or the advice given was below the range of competence demanded of attorneys in criminal cases. The petitioner has not shown that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

The petitioner then filed this notice of appeal.

## II. Analysis

On appeal, the petitioner's sole complaint is that the trial court erred in denying post-conviction relief because he received ineffective assistance of counsel and, therefore, entered an involuntary plea. The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970) (citations omitted). A successful claim for ineffective assistance of counsel must establish (1) deficient performance of counsel and (2) prejudice to the case resulting from the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court has determined that this two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish deficient performance, the petitioner must show that the representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. The petitioner may not second guess a reasonably-based trial strategy and cannot criticize unsuccessful tactical decisions if they were made with adequate preparation. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), perm. app. denied (Tenn. 1995); Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (recognizing that deference to a tactical decision is dependent upon a showing of adequate preparation). The petitioner must demonstrate the deficiency and the resulting prejudice by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003).

Once a trial court has ruled upon a post-conviction petition, its findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003) (citation omitted). When reviewing factual findings, this Court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Nichols v. State, 90 S.W.3d 576, 586 (Tenn. 2002) (citation omitted). Our review of questions of law is de novo without the presumption of correctness. Ruff v. State, 978 S.W.2d

95, 96 (Tenn. 1998) (citation omitted). The issues of deficient performance of counsel and potential prejudice to the defense are mixed questions of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999) (citation omitted). As such, our review is de novo with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citation omitted).

In the instant case, the trial court considered the petitioner's testimony that Counsel had investigated the case and filed the requested motions. The trial court's order denying the post-conviction petition references the petitioner's testimony that he was satisfied with Counsel's representation. At the hearing, two separate letters in which the petitioner explicitly thanked Counsel were introduced. Consequently, the trial court accredited Counsel's testimony that she did not coerce the petitioner into entering a plea.

The trial court indicated that the single reason that the petitioner became dissatisfied with Counsel's representation is because he was transferred from the county jail. At the hearing, Counsel introduced a letter that stated, "[t]his is up to you whether or not your behavior warrants a transfer from the Lauderdale County jail to Department of Corrections [sic]." There is no evidence in the record that suggests Counsel misled the petitioner on this issue. As previously stated, the petitioner must establish (1) that counsel was deficient and (2) that the deficiency prejudiced him in some way in order to present a successful claim for ineffective assistance of counsel. The petitioner has not met either prong of this test. Therefore, this issue is without merit.

### III. Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE