IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 26, 2005

## RICKY EARLS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 14185     Lee Russell, Judge**

_____

**No. M2003-03011-CCA-R3-PC- Filed April 19, 2005**

_____

The Defendant, Ricky Lynn Earls, was convicted by a jury of four counts of forgery, Class E felonies, and one count of theft under $500, a Class A misdemeanor. The trial court subsequently merged two of the forgery counts into the remaining two counts. After a hearing, the trial court sentenced the Defendant as a career offender to an effective sentence of twelve years. The Defendant's sentence was affirmed on direct appeal. See State v. Ricky Lynn Earls, No. M2001-00112-CCA-R3-CD, 2002 WL 1586286 (Tenn. Crim. App., Nashville, July 18, 2002). The Defendant subsequently filed for post-conviction relief alleging ineffective assistance of counsel. After a hearing, the trial court denied relief. This appeal followed. The sole issue before us is whether the Defendant suffered from the ineffective assistance of counsel due to defense counsel's failure to file timely a motion for new trial. We find that the Defendant is entitled to relief on the grounds of ineffective assistance of counsel. Accordingly, we reverse the trial court's ruling and remand this cause with instructions that the trial court grant the Defendant a delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

N. Andy Myrick, Jr., Fayetteville, Tennessee, for the appellant, Ricky Earls.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Mike McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was tried in front of a jury and convicted of four counts of forgery, Class E felonies, and one count of theft, a Class A misdemeanor. The trial court merged two of the forgery counts into the remaining two forgery counts. See State v. Ricky Lynn Earls, No. M2001-00112-CCA-R3-CD, 2002 WL 1586286, at *1 (Tenn. Crim. App., Nashville, July 18, 2002). The Defendant's sentencing hearing was held on September 7, 2000, and a judgment of conviction was thereupon entered. Defense counsel did not file a motion for new trial until December 6, 2000. The motion raised two issues: sufficiency of the evidence and the propriety of the sentence. Although clearly filed beyond the thirty-day time limit, see Tenn. R. Crim. App. 33(b), a hearing on the Defendant's motion for new trial took place on December 7, 2000, during which the Defendant testified. The State did not raise an objection based upon the timeliness of the motion. The trial court overruled the motion, finding the issues raised therein, along with other issues raised during the hearing, to be without merit. The Defendant subsequently appealed his judgment, raising the propriety of his sentence as the only issue. This Court affirmed the Defendant's sentence. See Ricky Lynn Earls, 2002 WL 1586286, at *2.

At the hearing on the Defendant's petition for post-conviction relief, the Defendant's trial lawyer ("Counsel") testified that he prepared a motion for new trial in the Defendant's case. He acknowledged that he did not file it, explaining that he was "out during that period of time" and that he "spent some time in the hospital." Counsel testified that Donna Hargrove took over the case at that point.

Donna Hargrove, an attorney in the Public Defender's office with Counsel, testified that, shortly after Counsel's illness, it "came to [her] attention that [the Defendant's] case had been scheduled for a motion for new trial." She retrieved the Defendant's file and discovered that no motion for new trial had "actually been reduced to writing." She had discussed the case with Counsel, however, and so she prepared and filed the motion. She did not read the transcript of the trial prior to doing so. Rather, she looked through the file and the trial notes, and recalled her discussion with Counsel about the motion. She had no discussions with the Defendant about the motion until the day of the hearing. Ms. Hargrove acknowledged that, because the motion was filed untimely, she could not raise in it any issues other than sufficiency of the evidence and sentencing. However, she had reached an agreement with the district attorney that the Defendant would be allowed to testify at the hearing on the motion for new trial and add any issues he felt should be raised.

The Defendant testified that, after he was convicted, he mailed "numerous letters" to Counsel regarding issues he wanted raised in his motion for new trial. When asked on direct examination to state what those issues were, the Defendant testified that his right of confrontation had been violated; there had been "[j]ury misconduct"; the forgery statute was unconstitutional; and a lesser-included offense should have been charged.

In its order denying the Defendant's petition for post-conviction relief, the trial court found as follows:

> The Motion for New Trial was filed late, and although this was understandable in view of [Counsel's] heart attack, it does fall below an objective standard of reasonableness and was outside the range of competence demanded of attorneys in criminal cases. However, the record reveals that no issue was waived or lost which would have resulted in a reversal of the conviction. The issues that the [Defendant] believed should have been raised in a motion for new trial or in a direct appeal have been dealt with hereinabove. It was clear from his testimony at the evidentiary hearing on the P[ost] C[onviction] that . . . the lawyer on appeal, found the original trial to have been "clean" and found no issue to appeal. [Counsel] believed that the trial was "clean" and so did and does the undersigned judge. It cannot be found that but for the failure to file timely a motion for new trial, the [Defendant] would have had a better outcome on appeal.

Essentially, the trial court determined within the context of the post-conviction proceeding that the issues the Defendant had wanted to raise on direct appeal would have been unsuccessful in gaining him relief, and that the Defendant had therefore demonstrated no prejudice arising from Counsel's deficient performance in failing to file timely the motion for new trial. Accordingly, the trial court denied post-conviction relief. The Defendant now contends that, in so doing, the trial court erred.

**ANALYSIS**

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court

must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

Our supreme court has recently issued an opinion in a case bearing close similarity to the Defendant's. See Wallace v. State, 121 S.W.3d 652 (Tenn. 2003). In that case, the defendant had retained counsel to defend him against a charge of first degree murder. Their agreement included a provision that counsel would be responsible only for the defendant's representation at trial and would not be responsible for handling any potential appeals. See id. at 654. The defendant was convicted as charged after a jury trial. Id. After the conviction, counsel sent the defendant a letter instructing him on how to file a motion for new trial and the issues he should include. However, counsel did not obtain court approval to withdraw. Id. at 654-55. The defendant timely filed his pro se motion for new trial. Id. at 655. Because the defendant still had counsel of record, the trial court refused to consider the defendant's pro se filing. Id. Counsel subsequently filed a late motion for new trial and sought to be relieved from his representation of the defendant. Id. The defendant also filed a second pro se motion for new trial, which motion was also not timely. The defendant's second motion included issues other than sufficiency of the evidence. Id. (The record before the supreme court did not include the defendant's first motion. Id. at n.3). The trial court granted counsel's request to be relieved from further representing the defendant but did not grant either of the late-filed motions for a new trial. Id. at 655.

The defendant pursued his direct appeal but this Court concluded that, because the motions for new trial had been untimely, all issues were waived except for sufficiency of the evidence. See id. This Court determined that the evidence was insufficient to support the defendant's first degree murder conviction, and thus modified the conviction to second degree murder. This Court remanded the matter to the trial court to resentence the defendant for second degree murder. See id.

Eventually, the defendant filed for post-conviction relief alleging that his trial counsel had been ineffective in failing to file a timely motion for new trial. Id. After a hearing, the trial court

-4-

agreed and granted the defendant a delayed appeal. Id. This Court then dismissed the delayed appeal, concluding that the defendant had received a direct appeal, albeit only upon the sufficiency of the evidence, and that the defendant had therefore not been prejudiced. See id. at 655-56. Our supreme court subsequently reversed this Court and reinstated the defendant's delayed appeal. Id. at 660.

In reviewing the defendant's case, our supreme court initially concluded that "counsel's failure to file a timely motion for new trial, as well as his failure to withdraw so as to allow the defendant to file a pro se motion for new trial, was deficient." Id. at 657. Accordingly, the defendant satisfied the first prong of the Strickland test. Id. With respect to the second prong, our supreme court first determined that "the prejudice prong of the analysis can [not] be resolved simply by reasoning that [the defendant] had direct review on the issue of sufficiency of evidence alone." Id. at 658. Furthermore, under the circumstances of the defendant's case, he was not required to demonstrate actual prejudice from his lawyers's deficient performance. Id. Rather, "[c]ounsel's deficient performance was . . . presumptively prejudicial" because

> [c]ounsel's abandonment of his client at such a critical stage of the proceedings resulted in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process. Counsel's deficient performance was, therefore, presumptively prejudicial and supported the trial court's grant of a delayed appeal under Tennessee Code Annotated section 40-30-113.

Id. (citation omitted). Our high court recognized that "the key issue is the failure of trial counsel to file the specified pleading resulting in the defendant being deprived of complete appellate review on direct appeal." Id. at 659 (emphasis added). Thus, the court concluded, "[a]s a direct result of counsel's ineffective assistance, the defendant was procedurally barred from pursuing issues on appeal, and the State's case was not subjected to adversarial scrutiny upon appeal." Id. at 660.

Significantly, our supreme court rejected a per se rule regarding a trial lawyer's failure to file a motion for new trial. Rather, in order to be entitled to relief, "a petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence." Id. at 659.

In the instant case, we have no hesitation in agreeing with the trial court that Counsel's failure to file timely a motion for new trial on behalf of the Defendant was deficient performance. Thus, the Defendant has satisfied the first prong of the Strickland test. We further conclude that the Defendant has established both of the prerequisites for a finding of presumed prejudice resulting from this deficient performance. The Defendant testified about four issues other than sufficiency that he wanted raised in his motion for new trial. Neither of the Defendant's lawyers testified that these were not appropriate issues to have raised. Indeed, the State concedes in its brief that, under Wallace, the Defendant is entitled to a delayed motion for a new trial.

We hasten to point out that, at the time it issued its ruling in this case, the trial court did not have the benefit of our supreme court's Wallace decision. The trial court analyzed the Defendant's claim by examining whether the Defendant had demonstrated actual prejudice resulting from his lawyer's deficient performance, as set forth in Strickland. As set forth above, however, Wallace provides for a presumption of prejudice under the facts of this case. Having satisfied both requirements of deficient performance and prejudice, the Defendant is entitled to relief based upon the ineffective assistance of counsel. Accordingly, we reverse the trial court's ruling and remand this matter with instructions to the trial court that it grant the Defendant a delayed appeal, beginning with the right to file a delayed motion for a new trial.

_____
DAVID H. WELLES, JUDGE