IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 15, 2005

## RANDALL CARVER v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8665    R. Lee Moore, Jr., Judge**

---

**No. W2005-00522-CCA-R3-HC  - Filed January 18, 2006**

---

The petitioner, Randall Carver, pled guilty in the Sumner County Criminal Court to one count of attempted especially aggravated kidnapping and aggravated assault.  He received a total effective sentence of eight years in the Tennessee Department of Correction.  Subsequently, the petitioner filed a petition for a writ of habeas corpus in the Lake County Circuit Court.  The habeas corpus court denied the petition, and the petitioner now appeals.  Upon our review of the record and the parties' briefs, we remand the case to the habeas corpus court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. AND J.C. MCLIN, JJ., joined.

Randall Carver, Fredonia, Kentucky, Pro se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and C. Phillip Bivens, District Attorney General; for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The record reflects that the petitioner was originally indicted for attempted first degree murder and especially aggravated kidnapping.  The indictments were amended, respectively, to aggravated assault and attempted especially aggravated kidnapping.  The petitioner received a sentence of six years for his aggravated assault conviction and eight years for his attempted especially aggravated kidnapping conviction, which sentences were to be served concurrently with each other but consecutively to "[a]ll prior unserved sentences out of [Kentucky]."

Subsequently, on December 8, 2004, the petitioner filed a petition for a writ of habeas corpus, alleging numerous claims for relief, none of which are the subject of the instant appeal. On December 10, 2004, the petitioner filed an amendment to his petition for a writ of habeas corpus, raising two additional issues, including that "[t]he Sumner County Criminal Court did not have jurisdiction to enter concurrent sentences due to Petitioner was clearly on parole at the time said judgments were entered." Finally, on December 16, 2004, the petitioner filed another petition for a writ of habeas corpus, alleging additional grounds for relief.[1]

On December 27, 2004, the habeas corpus court issued an order denying relief on several of the issues raised by the petitioner. The court stated that there was insufficient information in the record to allow the court to rule on the remaining issues raised by the petitioner. In a written order, the court gave the petitioner more time to provide additional information and asserted that the court would thereafter rule on the petitioner's claims or schedule a hearing. In the order, the court also noted the issues the petitioner raised in his December 10, 2004, amendment to his habeas corpus petition. The court noted, "The Public Defender for the Twenty-Ninth Judicial District of Tennessee is appointed to look into these two issues also."

On February 7, 2005, the court filed an order stating that the petitioner had "failed to provide the additional information requested in this Court's order filed on December 27, 2004 . . . . The petition is denied on all grounds except for the issue for which the Public Defender was appointed in this Court's Order of December 27, 2004." The court scheduled a hearing on the remaining issue on February 22, 2005. There is no record of this hearing in the record before this court.

On February 28, 2005, the court denied the petitioner's petition for a writ of habeas corpus. In a written order, the Court stated:

> On December 27, 2004, . . . [t]he Court ruled on certain issues raised in the petition at that time without a hearing. The Court allowed the petitioner additional time to produce other material to the Court for the Court's consideration. Thereafter the Public Defender for the Twenty-Ninth Judicial District for the State of Tennessee was appointed to look into limited issues in this case . . . . It was announced in open court on February 22, 2005, that the petitioner was now being held by the State of Kentucky on Kentucky charges. There does not appear to be any basis for granting his Petition for Writ of Habeas Corpus. Also the issues are now moot since he is no longer in custody in the State of Tennessee.

The petitioner appealed, pro se, contending that he "was on parole at the time said judgments was entered from the State of Kentucky; thus creating a 'mandatory' requirement of imposing

---

[1] The petitioner's sole argument on appeal is that the trial court erroneously imposed concurrent instead of consecutive sentencing. He appears to have abandoned other grounds asserted in his habeas corpus petition.

consecutive sentences." Additionally, the petitioner argues that the habeas corpus court "erred and violated due process by failing to so order for appointment of counsel for the entire petition for writ of habeas corpus; instead of appointing counsel to parts thereto." Finally, the appellant contends that the habeas corpus court "erred by dismissing petition for writ of habeas corpus as moot because [the petitioner] was clearly on parole from the State of Tennessee and thereto still in the State's custody."

## II. Analysis

At the outset, we note that the record before us reflects that the habeas corpus court appointed counsel to represent the petitioner on "limited" issues, while denying the remainder of his issues as not being colorable grounds for relief. As we have noted, the record further reflects that the petitioner, acting pro se, filed his notice of appeal and his appellate brief. The record does not indicate at what point, if any, counsel withdrew from representing the petitioner.

Tennessee Code Annotated section 40-14-204 (2003) states that in habeas corpus proceedings, the habeas corpus court "shall determine the question of indigency and appoint counsel, if necessary." Tennessee Supreme Court Rule 13 also provides that indigent petitioners in habeas corpus proceedings may have counsel appointed. See Tenn. Sup. Ct. R. 13 § 1(d)(1)(C). "[T]he appointment of counsel is discretionary in a habeas corpus case." Randall Carver v. State, No. M2002-02891-CCA-R3-CO, 2003 WL 21145572, at *3 (Tenn. Crim. App. at Nashville, May 16, 2003). If the court reviews the habeas corpus petition and determines that the claims therein are not colorable, the court may dismiss the petition without the appointment of counsel or an evidentiary hearing. See Vanory Askew v. State, No. M2005-00524-CCA-R3-HC, 2005 WL 3199055, at *2 (Tenn. Crim. App. at Nashville, Nov. 30, 2005). However, Rule 13 provides that if counsel is appointed, then counsel shall continue to represent the petitioner throughout the proceedings, including the appellate process, until the conclusion of the case or until counsel has been allowed to withdraw by a court. Tenn. Sup. Ct. R. 13 § 1(e)(5). If counsel has been allowed to withdraw, the court shall appoint replacement counsel. Tenn. Code Ann. § 40-14-205(a) (2003). It is well-established that a petitioner may not be represented by counsel while simultaneously proceeding pro se. See State v. Davis, 141 S.W.3d 600, 615-16 n. 12 (Tenn. 2004) (citing Wallace v. State, 121 S.W.3d 652, 655 n. 2 (Tenn. 2003)); State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976). The record before us does not reflect whether the petitioner is still represented by counsel. Therefore, we find it incumbent to remand to the habeas corpus court for a determination of why the counsel who represented the petitioner in the lower court is not representing the petitioner on appeal. Unfortunately, due to this confusion, we are unable to reach the merits of the petitioner's arguments.[2]

---

[2] We are compelled to note that this court, in an order dated August 11, 2005, urged both the petitioner and the State to brief thoroughly the issue of whether the petitioner was entitled to habeas corpus relief while being in the custody of the state of Kentucky. Neither party complied with this instruction on appeal.

### III.  Conclusion

Based upon the foregoing, we remand to the habeas corpus court for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE