IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 16, 2018

## LEOPOLD MPAWINAYO v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
Nos. 2013-D-2982, 2013-D-3155    Mark Fishburn, Judge**

_____

### No. M2017-01660-CCA-R3-PC

_____

The Petitioner, Leopold Mpawinayo, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief from his 2015 convictions for two counts of violating the habitual motor vehicle offender (HMVO) law and his effective six-year sentence. The Petitioner contends that the court erred by denying relief because he received the ineffective assistance of counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Leopold Mpawinayo.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Glenn Funk, District Attorney General; and Matthew Thomas, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arises from the Petitioner's two convictions after a bench trial for violating the HMVO law. The trial court sentenced the Petitioner to consecutive three-year sentences to be served on probation, and the Petitioner did not appeal. The trial court ultimately revoked the Petitioner's probation after determining that he had violated the conditions of his release by being arrested for four counts of aggravated assault. The court ordered the Petitioner to serve one year in confinement at 100% service, followed by six years' enhanced supervised probation. The Petitioner appealed, and this court affirmed the trial court's determinations. *See State v. Leopold Mpawinayo*, No. M2016-00778-CCA-R3-CD, 2016 WL 7155056 (Tenn. Crim. App. Dec. 7. 2016), *no perm. app. filed*.

On May 6, 2016, the Petitioner filed the instant petition for post-conviction relief, alleging that he received the ineffective assistance of counsel because trial counsel did not request discovery materials, did not file a motion to suppress evidence, and "refused to appeal" his convictions. The Petitioner also alleged that his privilege against self-incrimination was violated, that the prosecution failed to disclose favorable evidence, that his convictions were obtained with the use of "illegal evidence," and that he should not have been convicted because he had a valid driver's license at the time of the offenses. On April 28, 2017, post-conviction counsel filed an amended petition, alleging that trial counsel provided ineffective assistance by failing to communicate adequately, by misleading the Petitioner about the likelihood of conviction, and by failing to appeal the Petitioner's convictions. The amended petition also alleged that the Petitioner did not understand the charges and believed the charges would be dismissed because he had a valid driver's license at the time of the offenses.

At the post-conviction hearing, the Petitioner testified that he retained trial counsel and that counsel stated the Petitioner "would win the case" because the Petitioner had a driver's license at the time of the offenses. The Petitioner said that counsel filed "a motion to do everything" but that counsel wanted him to accept a plea offer. The Petitioner said that the offer counsel presented was for two years' probation. The Petitioner said that counsel agreed he had a valid driver's license and that as a result, the Petitioner rejected the offer.

The Petitioner testified that he understood limited English and that it took time to read and write English. He said that on the day of the trial, no time existed for trial counsel to read the waiver of a jury trial form but that he and counsel discussed choosing a bench trial. The Petitioner said that counsel believed the trial court would dismiss the case because the Petitioner had a valid driver's license.[1] The Petitioner said that although he testified at the trial, he did not understand what was happening. The Petitioner said that counsel did not explain why the court found him guilty and that after the trial, counsel initially did not return his telephone calls or respond to text messages inquiring about an appeal. The Petitioner said that counsel answered one of his telephone calls and stated counsel could file an appeal. The Petitioner said no appeal was filed.

---

[1] The Petitioner's post-conviction hearing testimony reflects that he believed he had a valid driver's license and was, therefore, innocent of the charges. The record is unclear, however, whether the Petitioner believed he was innocent because he had a valid license at the time of the offenses or because he obtained a valid license after his arrests. The Petitioner gave conflicting testimony in this regard. In any event, the trial transcript reflects that the disputed factual issue was whether the Petitioner had knowledge he was classified as a HMVO and prohibited from driving at the time of the 2012 and 2013 offenses. The defense argued at the trial that although the Petitioner had been declared a HMVO in 2005, he believed the classification had been removed by the trial court in 2009 and that as a result, the Petitioner did not have knowledge at the time of the offenses at issue in this appeal that he was violating the HMVO law.

On cross-examination, the Petitioner testified that he and trial counsel met at counsel's office approximately four times and that although counsel stated he could win the case during their first two meetings, counsel presented the plea offer during their third meeting. The Petitioner said that he rejected the offer because it involved probation and because he was innocent of the charges. The Petitioner denied that counsel informed him that obtaining a valid license after his arrests was irrelevant to whether the Petitioner had a valid license at the time of the offenses. The Petitioner believed it was unfair to proceed to trial on the charges because he had obtained a valid license at the time of the trial. The Petitioner denied trial counsel called or sent him text messages after the trial to discuss an appeal. The Petitioner said that counsel called him before sentencing to discuss what would occur at the hearing.

Trial counsel testified that he initially represented the Petitioner relative to a fourth offense driving under the influence (DUI) charge and that the Petitioner later retained his services relative to the HMVO charges. Counsel said that he spoke with the prosecutor about a plea agreement and that the prosecutor would not agree to resolve the HMVO violations unless an agreement also resolved the DUI charge. Counsel said that he explained to the Petitioner the prosecutor's position regarding a plea agreement and that he advised the Petitioner the sentences would most likely be imposed consecutively because the Petitioner had been on bond at the time of the HMVO charges. Counsel said that the Petitioner's focus relative to the fourth offense DUI charge was that the offense occurred approximately thirty days before the ten-year expiration of the previous DUI enhancement conviction. Counsel said that he agreed with the Petitioner that the DUI charge was unfair but that the problem was the statute. Counsel said the Petitioner "refused to listen." Counsel said that he and the Petitioner reviewed the relevant law and a flow chart counsel created and that he explained to the Petitioner that the prosecutor would not agree to dismiss any charge that required 100% service of a sentence. Counsel said he advised the Petitioner to settle the cases because counsel believed any sentence imposed would be longer if a conviction resulted from a trial. Counsel said that after numerous meetings and advising the Petitioner to accept a plea offer, the Petitioner demanded a trial.

Trial counsel testified that he and the Petitioner reviewed the jury trial waiver form. Counsel said he advised the Petitioner that the HMVO charge was "clear cut" and that counsel hoped the defense would "get lucky at trial." Counsel said that the Petitioner testified at the trial that he had a valid driver's license and that the trial judge found the Petitioner credible. Counsel said that the trial judge requested case law to support the defense's claim that the Petitioner had a valid driver's license at the time of the offenses, that court recessed for about one hour to allow counsel to retrieve the case law from his office, and that during the recess, the prosecutor found documentation in the court clerk's file that "completely destroyed" the Petitioner's testimony. Counsel said that although he objected to allowing the State to reopen its case-in-chief to submit the documents, the court received the

documents showing the Petitioner did not have a valid license at the time of the offenses.[2] Counsel said that he would have alleged on appeal that the trial court erred by allowing the State to reopen its case and submit the documents.

Trial counsel testified that he advised the Petitioner that they could not appeal the convictions until after the trial court imposed the sentences. Counsel said that he had difficulty contacting the Petitioner before the sentencing hearing but that counsel was able to speak to the Petitioner about what to expect at the hearing. Counsel said that he advised the Petitioner that the notice of appeal had to be filed within thirty days of the sentencing hearing, that the Petitioner was angry at counsel after sentencing was imposed, and that the Petitioner "stormed out." Counsel said that the Petitioner would not return counsel's or counsel's assistant's telephone calls and text messages requesting the Petitioner's permission to seek appellate relief and warning the Petitioner that time was limited to file an appeal. On cross-examination, counsel agreed that he did not have documentation showing that he advised the Petitioner of the thirty-day time period to file a notice of appeal.

The post-conviction court denied relief. The court discredited the Petitioner's testimony that trial counsel simultaneously advised the Petitioner that the trial court would dismiss the HMVO charges and that the Petitioner should accept the State's plea offer. The court credited counsel's testimony that he explained the charges to the Petitioner, explained the Petitioner's exposure, and urged the Petitioner to accept the offer. The court determined that the Petitioner failed to show counsel provided deficient performance relative to explaining the charges and the likelihood of conviction.

The post-conviction court determined that trial counsel represented the Petitioner adequately at the trial. The court noted that the Petitioner's HMVO status was straightforward and found that counsel's strategic decision for a bench trial did not constitute deficient performance. The court found that the Petitioner signed a waiver of a jury trial

---

[2] The trial transcript reflects a lengthy discussion during closing arguments between the trial court judge and counsel. The trial judge credited the Petitioner's trial testimony that he returned to court in 2009 and received some form of relief relative to the HMVO classification. The court questioned whether a court order removing the HMVO classification was sufficient to reinstate the Petitioner's driving privileges or whether the HMVO classification remained effective until the Petitioner "actually [obtained] the license," which occurred in 2014 according to the post-conviction evidence. The two HMVO violations at issue in this appeal occurred in 2012 and 2013. The trial court requested the defense and the State to provide it with legal authority and stated that if the trial court's restoring the Petitioner's right to operate a motor vehicle removed the HMVO classification, the Petitioner would receive an acquittal for each charge. The trial court recessed, and when the proceedings resumed, the prosecutor presented "an order setting aside [the Petitioner's] HMVO status." The order reflected that the Petitioner's HMVO classification was removed on August 28, 2013, not in 2009 as the Petitioner testified. Based upon the order, the trial court determined that the Petitioner confused the date on which the HMVO classification was removed and found the Petitioner guilty of two counts of violating the HMVO law.

-4-

form and that the record did not reflect any objections by the Petitioner before the bench trial began. The court determined that the Petitioner also failed to establish any prejudice as a result of a bench trial.

The post-conviction court determined that the Petitioner failed to establish trial counsel provided deficient performance relative to filing an appeal. The court found that counsel was retained by the Petitioner and that although no evidence at the hearing showed the scope of counsel's representation, trial counsel testified that he explained to the Petitioner that the defense had thirty days to file an appeal. The court credited counsel's testimony that he repeatedly attempted to contact the Petitioner relative to filing an appeal and that counsel received no response from the Petitioner. The court noted that the Petitioner testified that he did not speak with counsel after the sentencing hearing. The court determined that the Petitioner failed to show any prejudice. This appeal followed.

The Petitioner contends that he received the ineffective assistance of counsel. He argues that trial counsel failed to communicate adequately regarding the right to appeal the HMVO convictions. The State responds that the post-conviction court properly denied relief.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the

performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The record reflects that the post-conviction court credited trial counsel's testimony about his attempts to contact the Petitioner after the sentencing hearing in order to obtain the Petitioner's consent to file an appeal. Counsel testified that he advised the Petitioner that the defense could not file an appeal until after the sentencing hearing. Counsel said that after the sentencing hearing, he advised the Petitioner that an appeal had to be filed within thirty days and that the Petitioner was angry with counsel and "stormed out." Counsel said that the Petitioner would not return counsel's and his assistant's telephone calls and text messages requesting permission to file an appeal and warning that time was limited. Although the testimony focused on counsel's failure to file a notice of appeal, the Petitioner did not present any evidence relative to the scope of counsel's representation beyond the trial. We note that the Petitioner, likewise, did not present evidence relative to whether counsel failed to file a motion for a new trial. *See Wallace v. State*, 121 S.W.3d 652, 657 (Tenn. 2003); *see also* Tenn. R. Crim. P. 37(e). The record supports the post-conviction court's determinations that the Petitioner failed to prove his ineffective assistance allegation. The Petitioner is not entitled to relief on this basis.

Based upon the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____

ROBERT H. MONTGOMERY, JR., JUDGE