IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2005

## AVIS N. NEAL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P 27395      Chris Craft, Judge**

---

**No. W2004-01354-CCA-R3-PC  - Filed July 18, 2005**

---

The petitioner, Avis N. Neal, appeals as of right from the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. He seeks relief from his jury conviction for rape of a child and resulting sentence of twenty years in confinement. In this appeal, the petitioner contends that he received the ineffective assistance of counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Jesse W. Dalton, III, Memphis, Tennessee, for the appellant, Avis N. Neal.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Background

The following facts were developed at the petitioner's trial and noted by this Court on direct appeal:

> In early September 1996, the Defendant was living with Rochelle James, a long-time girlfriend and mother of his three children. The oldest of the children, is the victim in this case. The victim testified that . . . the Defendant entered her room while her mother was at work and penetrated her vagina with his finger. . . . A few weeks later, the Defendant again entered the victim's room and penetrated her vagina, this time with his penis. . . . The next day, Ms. James, the victim's mother, noticed a blood stain on the victim's panties . . . .

. . . .

On January 22, 1997, the Defendant again entered the victim's room, removed her from the bed she was sharing with her younger brother and sister, placed her on the floor and penetrated her vagina and anus with his penis. The next day, the victim recorded the attack in a diary she received for Christmas.

In early February, the victim and Ms. James were arguing about a poor grade on the victim's report card when the victim finally told Ms. James about the abuse. Ms. James testified that she took the victim to a clinic to be examined.

Sally DiScenza, a family nurse practitioner specializing in examining victims of sexual assault and an expert in the field of forensic examination, examined the victim and found evidence of penetration. . . . Ms. DiScenza testified that the victim's description of the Defendant's abuse was consistent with the trauma to her vagina and anus.

Several friends of the Defendant testified regarding his reputation for truth and honesty. . . . The Defendant further testified that he did not abuse his daughter in any way, and that he could not explain her injuries.

State v. Avis Neal, W2001-00374-CCA-R3-CD, 2002 WL 1558621, at **1, 2 (Tenn. Crim. App., at Jackson, Jan. 28, 2002), perm. app. denied (Tenn. July 1, 2002). At the conclusion of the evidence, the jury found the petitioner guilty of rape of a child. After this Court affirmed the judgment of conviction, the petitioner filed a *pro se* petition for post-conviction relief, which was later amended through appellate counsel, alleging ineffective assistance of counsel.

## Post-Conviction Hearing

At the post-conviction hearing, Craig Hall (Counsel)[1] testified to discussing a fifteen-year plea offer with the petitioner. Counsel stated that the petitioner, however, refused to accept the offer, professing his innocence and seeking a "lower offer." Counsel denied that the State ever presented a separate plea offer of less incarceration time. Counsel testified that he met with the defendant "at least a half a dozen times" and "did everything [the petitioner] asked us to do. We put on every witness that he brought." Counsel denied ever telling the defendant that he would not be sentenced to more than fifteen years and remembered warning the petitioner he could receive a sentence of twenty-five years.

The petitioner testified that he did not "feel [his trial attorneys] did what they [were] supposed to have done to really present the evidence they needed to clear me on this case." Specifically, he complained that his trial attorneys never notified the trial court that he came into contact with a juror during the trial, never presented a plea offer to him, advised him that he could only receive fifteen years if convicted, and only put on character witnesses in his defense.

---

[1] The petitioner was also represented at trial by Harry Scruggs, who was deceased at the time of the post-conviction hearing.

The petitioner's brother, Morris Townsend, testified that he attended the trial and felt that his brother's trial attorneys were ineffective. Townsend stated that the petitioner's trial attorneys met with the petitioner outside of court merely to accept payment, rather than to discuss the case.

The trial court filed an order denying the petition which, in pertinent part, states:

> Petitioner has failed to show either deficience or prejudice in any of his allegations. The proof presented in the hearing on this petition shows that the jury in petitioner's trial believed the victim's testimony instead of his, despite the character witnesses called by his attorneys. There was no other fact witness the defense could have called, and there was no foreign substance found during the examination of the victim or her clothes that could be compared to the defendant's DNA pattern due to the delay between the crime and its discovery by the authorities. Petitioner knowingly rejected a 15 year offer conveyed to him "very vigorously" by his attorneys, after having been informed of the possible consequences. Petitioner has the burden of proving his allegation of fact by clear and convincing evidence . . . and clearly has not met this burden.

From this order, the petitioner appeals.

**Analysis**

Post-conviction relief is only warranted if a petitioner establishes that his or her conviction is void or voidable due to an abridgement of a constitutional right. Tenn. Code. Ann. § 40-30-103 (2003). The petitioner must prove the allegations raised in a petition by clear and convincing evidence. See Tenn. Code. Ann. § 40-30-110(f) (2003). Clear and convincing evidence is evidence harboring no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Once a petition is ruled upon, the trial court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003); State v. Nichols, 90 S.W.3d 576, 586 (Tenn. 2002). This Court will not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Nichols, 90 S.W.3d at 586. Questions concerning the credibility of witnesses and the weight to be afforded their testimony are for resolution by the post-conviction court. Id. Our review of questions of law is *de novo* without the presumption of correctness. Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issues of deficient performance of counsel and potential prejudice to the defense are mixed questions of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, our review is *de novo* with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

In this appeal, the petitioner contends that he received the ineffective assistance of counsel because: (1) he was not informed as to the range of punishment for the offense or of a plea offer; (2)

counsel failed to inform the trial court that the petitioner had contact with a juror; and (3) counsel only put on character witnesses and did not investigate a theory of defense.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court engineered a two-prong test for the evaluation of an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

To establish deficient performance, the petitioner must show that the representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. The petitioner may not second guess a reasonably-based trial strategy and cannot criticize unsuccessful tactical decisions if they were made with adequate preparation. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), perm. app. denied (Tenn. 1995); Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (recognizing that deference to a tactical decision is dependent upon a showing of adequate preparation).

The petitioner first contends that his trial attorneys failed to properly inform him regarding the range of punishment for the offense and the possibility of a plea bargain. At the post-conviction hearing, Counsel testified that the defendant specifically rejected a plea offer of fifteen years in hopes of negotiating a lower sentence, despite warnings that the sentence could be twenty-five years. In contrast, the petitioner testified that his trial attorneys never discussed a plea offer, telling him the sentence would be no greater than fifteen years. The trial court accredited the testimony of Counsel regarding this issue and, absent evidence preponderating otherwise, the trial court's factual findings are conclusive on appeal. Furthermore, questions involving the credibility of witnesses are reserved for the trial court. Consequently, this issue is without merit.

The petitioner next argues that his trial attorneys should have informed the trial court of the petitioner's improper contact with a juror during the trial. On direct appeal, this Court determined, "there is no evidence that a communication actually occurred. Without evidence of a communication, there can be no evidence that the communication prejudiced the Defendant." Neal, 2002 WL 1558621, at *7. This Court cannot now find that the petitioner's trial attorneys were ineffective for failing to present an issue to the trial court that was previously determined to be of no consequence. Moreover, even if failure to inform the trial court amounted to a professionally

unreasonable error, it would not warrant setting aside the judgment because this Court determined that the error had no effect on the verdict.

The petitioner's final argument is that Counsel did not properly investigate his case and present a theory of defense. The petitioner complains that the only witnesses presented in his defense at trial were character witnesses. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, this presentation is the only way a petitioner can prove (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Id. Because the petitioner did not make a showing at the hearing that any additional witnesses supported his defense, this Court cannot conclude that the petitioner's trial attorneys' investigation of the case was negligent in this regard. Furthermore, resolving any additional discrepancies between the testimony of Counsel and the petitioner regarding the investigation of the case was reserved for the trial court. This Court will not reweigh the evidence on this issue. Accordingly, this issue is without merit.

## Conclusion

We affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE