IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2007

## DENNIS JARRETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 6633     J. Weber McCraw, Judge**

---

**No. W2006-02033-CCA-R3-PC  - Filed July 24, 2007**

---

The petitioner, Dennis Jarrett, filed a petition for post-conviction relief, alleging the ineffective assistance of counsel as grounds for relief.  The trial court summarily dismissed the petition as time-barred.  The petitioner appeals the dismissal, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Dennis Jarrett, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Joe VanDyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Our knowledge of the facts underlying this appeal comes exclusively from the petition for post-conviction relief and the parties' briefs, which state that the petitioner was convicted in 2002 of driving under the influence (third offense), violation of a habitual motor vehicle offender order, and resisting arrest.  The petitioner was sentenced on June 13, 2002, to an effective six-year sentence.

According to the petitioner, he understood that his trial counsel would file a motion for a new trial and notice of appeal following his convictions.  The petitioner asserts, however, that he waited for several years to hear word from counsel about the status of his case and that he attempted to contact counsel to no avail.  He says that he learned, with the assistance of people in prison, that no direct appeal of his convictions was filed as of August 7, 2006.  On August 14, 2006, the petitioner filed a post-conviction petition under the style "Petitioner['s] First Petition for Delay[ed] Post Conviction Relief Due to No Fault of His Own Pursuant to Tennessee Code Annotated 40-30-113

seq. et. al." The trial court dismissed the petition without appointing counsel or conducting a hearing, finding that the petition was filed over four years after the petitioner's convictions, that no other pleadings had been filed in the case, and that the petition failed to comply with the one-year statute of limitations.

The petitioner contests the trial court's dismissal of the petition. He does not dispute that his petition was filed late, but he argues that he is not at fault for the late filing and that he is entitled to a delayed appeal of his case under Wallace v. State, 121 S.W.3d 652 (Tenn. 2003). The state argues that Wallace is distinguishable from the present case and that the petitioner's assertions that he expected trial counsel to file a motion for new trial and to appeal his convictions do not warrant tolling the statute of limitations.

The Tennessee Post-Conviction Procedure Act specifies that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.

T.C.A. § 40-30-102(a). A trial court may enter an order summarily dismissing a post-conviction petition if the petition is not filed within the time set forth in the statute of limitations. T.C.A. § 40-30-106. If a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, a court may still consider the petition if (1) a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. T.C.A. § 40-30-102(b). A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 209-10 (Tenn. 1992).

In addressing the petitioner's claims in the present case, we believe that the petitioner's reliance on Wallace is misplaced. In Wallace, our supreme court held that the petitioner was entitled to a delayed direct appeal when the petitioner's trial counsel was ineffective in failing to file a motion for a new trial or to withdraw as the attorney of record to allow the petitioner to file a pro se motion. 121 S.W.3d 652. However, Wallace had no issue regarding the timeliness of the petitioner's post-conviction petition. The petitioner in the present case filed his post-conviction petition beyond the one-year statute of limitations for filing a post-conviction petition, and the issue in this appeal is whether the statute of limitations should be tolled. We cannot reach the issue of whether the petitioner's trial counsel was effective or whether the petitioner is entitled to a delayed

appeal unless we first conclude that due process or another exception to the one-year rule requires tolling the statute of limitations.

The defendant does not contend that his case fits under any of the narrow exceptions to the statute of limitations listed in Code section 40-30-102(b) but only that the statute should be tolled because the late filing was not his fault. Due process concerns may require the statute of limitations to be tolled if a petitioner shows that misrepresentations made by counsel deprived the petitioner of a reasonable opportunity to seek post-conviction relief. Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001). However, due process requires a weighing of the petitioner's liberty interest against the state's interest in preventing the litigation of stale and fraudulent claims. Sample v. State, 82 S.W.3d 267, 273-74 (Tenn. 2002). To determine if due process requires tolling of the statute of limitations, our supreme court has provided a three-step test:

> (1) determine when the limitations period would normally have begun to run;
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
> (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).

We conclude that due process does not require that the statute of limitations be tolled in this case. The trial court found, and the petitioner does not dispute, that the petitioner filed for post-conviction relief over four years after he was convicted. Although our supreme court held in Williams that an attorney's misrepresentations regarding whether an appeal has been filed may require tolling the statute of limitations on due process grounds, the petitioner in the present case has not alleged that his attorney misrepresented anything to him. He only states that "it was his understanding" that his trial counsel would file a motion for new trial and appeal his case and that counsel never contacted him regarding the status of his case. The Williams court clarified that its holding did not mean "that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence." Id. at 468, n.7. Furthermore, in considering the Sands factors, we determine that although the petitioner's alleged grounds for relief–that his trial counsel was ineffective in failing to file a motion for new trial and direct appeal–are "later-arising" grounds, application of the limitations period would not deny the petitioner a reasonable opportunity to present his claims in a timely manner. See Sands, 903 S.W.2d at 301. The petitioner claims that he waited four years after his convictions until confirming that no appeal had been filed in his case. He makes no assertion that his counsel informed him that an appeal was filed. We note also that before his 2002 convictions, the petitioner appealed a prior conviction and, thus, should have been aware of the procedural requirements regarding the filing of a motion for new trial and a notice of appeal.

-3-

See <u>State v. Dennis Jarrett</u>, C.C.A. No. 2, Hardeman County (Tenn. Crim. App. July 25, 1990). Therefore, it was not reasonable for him to wait four years before determining the status of his case.

Based on the foregoing and the record as a whole, we conclude that due process does not require that the statute of limitations for filing a post-conviction petition be tolled in this case and that the trial court did not err in dismissing the petition. We affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE