# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 10, 2012

## STATE OF TENNESSEE v. CHANNON LEE WILLIAMS

**Appeal from the Circuit Court for Benton County**
**No. 10-CR-34     C. Creed McGinley, Judge**

_____

**No. W2011-02198-CCA-R3-CD  - Filed June 11, 2012**

_____

Defendant-Appellant, Channon Lee Williams, appeals from the Benton County Circuit Court's order revoking his probation.  He was originally convicted for the initiation of a process to manufacture methamphetamine, a Class B felony.  He received a sentence of eight years, which was to be served on community corrections after one year's imprisonment.  On appeal, Williams argues that the trial court erred in revoking his probation and ordering him to serve the sentence in confinement.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Guy T. Wilkinson, District Public Defender; Gary J. Swayne, Assistant Public Defender, Camden, Tennessee, for the Defendant-Appellant, Channon Lee Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Hansel Jay McCadams, District Attorney General and James E. Williams, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.**  We glean from the meager appellate record that Williams was serving his sentence in this case in December 2010 when he absconded from a rehabilitation program without completing it.  In February 2011, a probation violation warrant was filed, alleging that Williams failed to report to his case officer and left the county without permission.  At a September 14, 2011 hearing, Williams, through his attorney, admitted violating the conditions of his probation.  The court found that Williams violated the terms of probation,

which it revoked, and ordered that he serve the original sentence in confinement. This timely appeal followed.[1]

**Analysis.** Williams claims that the trial court erred in revoking his probation and ordering him to serve the sentence in confinement because "he had almost flattened his one-year time in jail." The State responds that the trial court properly exercised its discretion in revoking Williams's probation and returning him to custody for the remainder of the original sentence. We agree with the State.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. Id.

Once the trial court has determined a violation of probation has occurred, it retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

---

[1]In addition to the notice of appeal filed by counsel, Williams filed a pro se "Notice of Appeal and Petition to Revoke Guilty Plea." He alleges that before he conceded the probation violations, counsel informed him that the State had agreed to allow Williams to return to community corrections. Because counsel did not inform the trial court of the agreement, Williams asserts that he received the ineffective assistance of counsel. We do not address the allegations contained in the pro se petition, however, because "a defendant in a criminal case may not proceed pro se while simultaneously being represented by counsel." State v. Davis, 141 S.W.3d 600, 615 n.12 (Tenn. 2004) (citing Wallace v. State, 121 S.W.3d 652, 655 n.2 (Tenn. 2003)).

T.C.A. § 40-35-310(b).  The determination of the proper consequence of the probation violation embodies a separate exercise of discretion.  <u>Hunter</u>, 1 S.W.3d at 647; <u>State v. Reams</u>, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In this case, the trial court did not abuse its discretion in revoking probation after finding that Williams violated the conditions of probation.  Williams admitted the violations, providing the trial court with the requisite substantial evidence to find the violations occurred.  Furthermore, the trial court did not abuse its discretion in ordering Williams to serve the balance of the sentence in custody.  Incarceration was one of the options available to the trial court upon finding that violations occurred, <u>Hunter</u>, 1 S.W.3d at 647, regardless of the amount of time Williams had already served.  Consequently, Williams is not entitled to relief.

**CONCLUSION**

Upon review, we affirm the judgment of the trial court.

_____

CAMILLE R. McMULLEN, JUDGE