IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2014

## CARLOS RICE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P18003     John W. Campbell, Judge**

---

**No. W2013-00681-CCA-R3-PC  - Filed March 26, 2014**

---

The Petitioner, Carlos Rice, appeals the Shelby County Criminal Court's denial of his motion to reopen post-conviction proceedings.  After reviewing the record in this case, we conclude that the trial court properly denied the motion and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Accordingly, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Sean H. Muizers, Memphis, Tennessee, for the Defendant-Appellant, Carlos Rice.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Amy P. Weirich, District Attorney General; and Alycia Carter, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On February 23, 1996, the Petitioner entered guilty pleas to felony murder and attempted second degree murder and received an effective sentence of life imprisonment. On January 10, 1997, he sought post-conviction relief, alleging in part that he had received ineffective assistance of counsel.  He was subsequently appointed counsel.  The Petitioner then filed a motion requesting to withdraw his post-conviction petition.  The court granted this motion and entered an order dismissing the post-conviction petition with prejudice on May 6, 1997.  The Petitioner later claimed that counsel had "coerced" him into withdrawing his post-conviction petition. Carlos Rice v. State, No. W2004-02043-CCA-R3-PC, 2005 WL

940570, at *1 (Tenn. Crim. App. Apr. 22, 2005), perm. app. denied (Tenn. Oct. 10, 2005).

On July 13, 2004, almost seven years later, the Petitioner filed a motion to reopen his post-conviction proceedings, again alleging ineffective assistance of counsel. Id. In this motion, he argued that the statute of limitations should be tolled because his appointed counsel, who he claimed was a "representative" of the State of Tennessee, prevented him from litigating his claims at an earlier time. Id. On July 23, 2004, the court summarily dismissed the motion as time-barred. Id. This court affirmed the summary dismissal, and the Tennessee Supreme Court denied permission to appeal. Id.

In July 2005, the Petitioner filed a petition for writ of habeas corpus, alleging that his sentences violated the holding in Blakely v. Washington, 542 U.S. 296, 124 (2004), which created a new constitutional rule of law, and that his convictions were void because the trial court was without jurisdiction to enter a judgment of conviction for an offense for which he was not indicted and for an offense that was not a lesser included offense of the indicted offense. Carlos L. Rice v. David Mills, Warden, No. W2005-01800-CCA-R3-HC, 2006 WL 433221, at *1 (Tenn. Crim. App. Feb. 23, 2006), perm. app. denied (Tenn. July 3, 2006). The trial court summarily denied habeas corpus relief, and this court affirmed the denial of relief. Id.

On July 18, 2012, the Petitioner, acting pro se, filed a second motion to reopen the post-conviction petition, claiming that his Fourth Amendment right against unreasonable seizures was violated when the Memphis Police Department allegedly held him without probable cause during its forty-eight hour investigation. He was appointed counsel, who filed an amended motion on January 4, 2013. The amended motion alleged that this court's ruling in State v. Courtney Bishop, No. W2010-01207-CCA-R3-CD, 2012 WL 938969, at *10 (Tenn. Crim. App. Mar. 14, 2012), rev'd, — S.W.3d —, 2014 WL 888198, at *1 (Tenn. Mar. 6, 2014), established a constitutional right not recognized as existing at the time of his guilty plea that required retroactive application and that due process considerations required tolling of the one-year statute of limitations. On February 14, 2013, the court entered an order denying the motion.

On February 27, 2013, the Petitioner filed a pro se notice of appeal in the trial court pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure while still represented by counsel. We do not address the contents of this pro se notice of appeal document because "a defendant in a criminal case may not proceed pro se while simultaneously being represented by counsel." State v. Davis, 141 S.W.3d 600, 615 n.12 (Tenn. 2004) (citing Wallace v. State, 121 S.W.3d 652, 655 n.2 (Tenn. 2003)). On March 14, 2013, appointed counsel filed a Rule 3(b) notice of appeal. Appointed counsel's "Notice of Appeal," which was also filed in the trial court, states that "the Petitioner, by and through his attorney of

record, Sean H. Muizers, and pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure hereby files this Notice of Appeal in the above styled case. Defendant appeals the trial court's denial of his Petition for Post-Conviction Relief on February 14, 2013."

An appeal from a trial court's denial of a motion to reopen post-conviction proceedings is discretionary and not as of right. T.C.A. § 40-30-117(c) (2012). To seek review of a trial court's denial of a motion to reopen, a petitioner shall file, within thirty days[1] of the lower court's ruling, "an application in the court of criminal appeals seeking permission to appeal." T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B) ("A petitioner whose motion to reopen is denied shall have thirty (30) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals."). The application for permission to appeal "shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). In order for a pleading entitled "notice of appeal" to be treated as an application for permission to appeal, the pleading "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002).

After reviewing the notice of appeal document filed in this case, we conclude that we cannot treat it as an application for permission to appeal. First, the Rule 3 notice was filed in the trial court rather than in this court. Second, it does not state the issue raised by the Petitioner and does not provide the reasons why this court should grant review. Third, the Rule 3 notice does not include the pleadings filed by both parties in the trial court or the order denying the motion. Because the Petitioner failed to comply with the statutory requirements of Tennessee Code Annotated section 40-30-117(c), we are without jurisdiction to review this matter as an appeal of a denial of a motion to reopen post-conviction proceedings.

Moreover, even if the Petitioner had complied with the statutory requirements in Code section 40-30-117(c), he has failed to allege a ground upon which his petition may be granted. The Petitioner argues that the trial court erred in denying his motion to reopen post-conviction proceedings because State v. Courtney Bishop, 2012 WL 938969, at *7-8, which held that Bishop's arrest pursuant to the Memphis Police Department's "48-hour hold" procedure was not supported by probable cause, established a constitutional right not recognized as existing at the time he entered his guilty plea. See T.C.A. § 40-30-117(a) (allowing a petitioner to file a motion to reopen the post-conviction proceedings if "[t]he

---

[1] Effective May 27, 2011, the time period for filing an application for permission to appeal a denial of a motion to reopen was increased from ten days to thirty days.

claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required" and the motion is "filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial"). Although the Petitioner acknowledges that Gerstein v. Pugh, 420 U.S. 103 (1975), Brown v. Illinois, 422 U.S. 590 (1975), and County of Riverside v. McLaughlin, 500 U.S. 44 (1991), were all decided prior to his 1994 arrest, he claims that the Memphis Police Department's purported policy of detaining individuals for forty-eight hours without probable cause did not comport with the aforementioned United States Supreme Court decisions at the time of his arrest.

In dismissing the second motion to reopen post-conviction proceedings, the trial court held that Courtney Bishop did not create a new constitutional right and that its decision was not "final" as required by Code section 40-30-117(a)(1) because the case was still pending before the Tennessee Supreme Court. Recently, the Tennessee Supreme Court issued its decision in State v. Bishop, holding that Bishop had waived the issue regarding an alleged delay in obtaining his Gerstein hearing by failing to raise and to preserve the issue on appeal. State v. Bishop, — S.W.3d — , 2014 WL 888198, at *13 (Tenn. Mar. 6, 2014). Given the Tennessee Supreme Court's recent ruling in Bishop, we conclude that the trial court properly denied the Petitioner's motion to reopen post-conviction proceedings on the basis that the Bishop case did not create a constitutional right not recognized as existing at the time he entered his guilty plea. See T.C.A. § 40-30-117(a)(1), (c).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case meets the criteria outlined in Rule 20. The judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE

-4-