# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 12, 2014

## JOHNNY YOUNG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3549      Monte Watkins, Judge**

---

**No. M2013-02209-CCA-R3-PC - Filed October 9, 2014**

---

The Petitioner, Johnny Young, contends that he received the ineffective assistance of counsel at trial – citing multiple bases supporting his contention – and on appeal – citing counsel's failure to file a motion for new trial – and asks this court to either grant him a new trial or a delayed appeal. After reviewing the record and the applicable authorities, we conclude that counsel was ineffective for failing to file a motion for new trial and, therefore, grant the Petitioner a delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Affirmed in Part, Reversed in Part, and Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Nathan Caldwell (on appeal) and Ashley Preston (at post-conviction hearing), Nashville, Tennessee, for the appellant, Johnny Young.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

The Petitioner was convicted by a Davidson County jury for aggravated burglary, a Class C felony, and theft of property valued at $1000 or more, a Class D felony. He was subsequently sentenced as a Range III, persistent offender to twelve years at forty-five percent for the aggravated burglary conviction and as a career offender to twelve years at sixty percent for the theft of property conviction, which were to be served consecutively for

an effective sentence of twenty-four years in the Department of Correction. A motion for new trial was never filed. The Petitioner filed an untimely appeal to this court, alleging that the trial court erred in ordering him to serve his felony sentences consecutively. See State v. Johnny Bernosa Young, No. M2008-02736-CCA-R3-CD, 2010 WL 682510, at *1 (Tenn. Crim. App. Feb. 26, 2010). Waiving the untimeliness of the notice of appeal, this court addressed the issue presented and concluded that the Petitioner was not entitled to relief. No appeal was filed to our supreme court regarding that decision.

In the Petitioner's direct appeal, the following factual background was presented.

> **Trial.** Precilla Crudup testified that on August 6, 2007, someone broke into her home and stole a surround sound system, two DVD players, several DVDs, and a half-carat diamond ring. She estimated the value of the items taken to be between $1500 and $2000. In addition, she said that it cost nearly $2000 to repair the window that the burglar broke to get into her home. Crudup stated that a detective later told her that Young, the Defendant-Appellant, was a suspect in her case. She confirmed that she did not know Young and had never given Young permission to be in her home.

> Jeffrey Gibson, an officer in the Metropolitan Police Department, testified that he investigated the burglary that took place in Crudup's home on August 6, 2007. Officer Gibson collected fingerprints from the broken window pane and from a soda bottle at the Crudup residence. Although the fingerprints from the bottle were not usable, he was able to lift some identifiable prints from the window pane.

> Donald Kahn, an officer with the Metropolitan Police Department, testified that he came in to contact with Young on September 10, 2007, and discovered that he had outstanding warrants for his arrest. He stated that Young would not give him any information regarding his work history or his address for the arrest report. Officer Kahn identified Young as the individual he arrested for the outstanding aggravated burglary and theft warrants.

> Linda Wilson, a police identification analyst with the Metropolitan Police Department, was declared an expert in the field of latent fingerprint analysis and identification. Officer Wilson testified that she was given fingerprint evidence from the August 6, 2007 burglary at the Crudup residence. After uploading the fingerprint evidence to Automated Fingerprint Identification System database, Officer Wilson concluded that the fingerprints

-2-

collected by Officer Gibson from the broken window pane at the Crudup residence belonged to Young.

Id.

On April 28, 2010, the Petitioner filed a pro se petition for post-conviction relief. Then, on June 15, 2010, the Petitioner filed a post-conviction relief petition requesting a delayed appeal. Counsel was appointed, and an amended petition was filed on November 30, 2010, citing in support of his ineffective assistance of counsel claim, as relevant to this appeal, that counsel failed to do the following: file and request hearings on motions to protect the Petitioner's constitutional rights and preserve those issues on appeal; object to the State's presentation of irrelevant and inadmissible evidence; properly and adequately investigate the facts of the case; adequately meet with and communicate with the Petitioner; advise the Petitioner with regard to defenses, strategy, or the pros and cons of accepting a plea agreement; have the experience and knowledge necessary to effectively represent the Petitioner; utilize investigative services; properly voice objections and cross-examine witnesses at trial; identify the need for and present expert witness at trial; adequately advise the Petitioner of his right to testify and render advice sufficient to allow the Petitioner to make an informed decision on whether to testify; secure all pre-trial statements of witnesses testifying at trial; and raise all issues in the motion for new trial and on appeal. An evidentiary hearing was held on April 3, 2012, at which the following relevant evidence was presented.

The Petitioner testified that counsel met with him only three times over the course of her six-month representation. He further testified that their meetings were about the aggravated assault case. According to the Petitioner, counsel never asked him about the facts related to his aggravated burglary charge, and when he attempted to tell her about it, counsel stated that they would discuss it later. The Petitioner stated that, on the day of trial, he was unaware that his aggravated burglary charge would be heard that day because counsel told him that his two charges, aggravated assault and aggravated burglary, would be tried separately. The Petitioner testified that he and counsel met just before trial, and she gave him a paper with her notes of the case on them, and the notes were all about the aggravated assault case. He did not find out that his charges were being tried together until he walked into the courtroom, at which time he told counsel that she was not prepared for the case. The Petitioner stated that he did not say anything to the trial court because he did not believe that he could, for Fifth Amendment reasons. He testified that he and counsel discussed his decision to testify and its necessity, given the facts of the case and lack of corroborating witnesses.

The Petitioner also testified that counsel never filed a motion for new trial in his case, and all his attempts to contact her were unsuccessful. He further testified that he filed

multiple complaints to the Board of Professional Responsibility (BPR) about counsel and his attempts to ascertain the status of his appeal, and that counsel was ultimately sanctioned for her lack of due diligence and competence. The Petitioner testified that he was at the burglarized home because he dropped a girlfriend off to get money from her aunt and that when he returned to pick the girl up, he could not find her. The Petitioner explained that his fingerprints were found on a window of the house because he was looking in the house for his girlfriend and touched the window. The Petitioner admitted that his criminal history listed over sixty convictions, to most of which he had pleaded guilty. On redirect, the Petitioner recalled that Kim Patterson was the woman he had gone to visit that day at the home at issue.

Counsel, who represented the Petitioner both at trial and on appeal, testified that she had been practicing law for almost one year when she tried the Petitioner's case and that his case was her first trial. Counsel further testified that she and the Petitioner met approximately three times, one being a jail visit and the other two being at court hearings, and that they went over his discovery during the jail visit. She insisted that they discussed both of his cases; his exposure if convicted, given his criminal history; his right to testify; and his plea offers, of which she remembers two, one for eight years and another for six years and one month. Counsel testified that she told the Petitioner that the latter offer was a good one because he would be guaranteed less time taking the plea than he would if convicted for even one of the offenses charged, which carried a minimum twelve-year sentence with parole an option after serving seven; that was assuming he would get parole. Counsel testified that the Petitioner told her that he had gone to the home in question to see a woman, that he could not find her, and that he asked nearby construction workers if they had seen the woman. When he still could not find her, he looked into a window of a nearby house, knocked on the window, and his watch broke the glass. Counsel further testified that she did not personally investigate any of the Petitioner's claims. Counsel explained that she did not seek an investigator's assistance because the Petitioner could not give her the name of the woman he went question to visit, so she had nothing to give an investigator.

Counsel admitted that she failed to file a motion for new trial, explaining that she believed her representation of the Petitioner ended after trial and was unaware that she was obligated to file the motion for new trial. Counsel further admitted that her failure to file a motion for new trial precluded the Petitioner from raising various issues on appeal. Counsel also admitted that the result of her BPR investigation was not favorable.

In an order denying relief, the post-conviction court issued the following findings:

> At the evidentiary hearing, trial counsel testified that she met with the defendant on numerous occasions and advised him of the evidence against

him. Further, the defendant was advised of the likelihood of conviction and the range of punishment. The petitioner testified that counsel did meet with him on numerous occasions. Petitioner also testified that trial counsel discussed with him his options for plea an agreement or going to trial.

Petitioner has failed to demonstrate by clear and convincing evidence ineffective assistance of counsel in violation of a constitutional right to render his conviction and sentence void or voidable under the Post Conviction Relief Act. The Court does not find the petitioner's testimony to be credible. Accordingly, the Court finds that Petitioner has failed to show that he was prejudiced by counsel's allegedly deficient conduct.

Thereafter, the Petitioner filed an untimely notice of appeal of the denial of post-conviction relief to this court, and again, this court waived the untimeliness of the notice of appeal in the interest of justice.

ANALYSIS

In this appeal, the Petitioner contends that he received ineffective assistance of counsel at trial and on appeal. Specifically, he alleges that trial counsel failed to meet with him an adequate number of times, to go over the discovery materials, to adequately prepare for trial, to hire an investigator, and to file a motion for new trial. The Petitioner also alleges that the post-conviction court erred in failing to grant him a delayed appeal, which appeared to be the consensus at the conclusion of the post-conviction hearing. The State responds that the Petitioner is not entitled to relief because he failed to prove that he was prejudiced by any of counsel's alleged deficiencies and that he is not entitled to a delayed appeal because he did not demonstrate what issues he would have raised had counsel filed a timely motion for new trial.

Petitions for post-conviction relief are governed by the Post-Conviction Procedure Act. Tenn. Code Ann. §§ 40-30-101 to -122. To obtain relief, the petitioner must show that his conviction or sentence is void or voidable because of the abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The petitioner must prove his factual allegations supporting the grounds for relief contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(2)(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is clear and convincing when there is no substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. See Nichols v. State, 90 S.W.3d 576, 586 (Tenn. 2002) (citing State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999)); see also Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The petitioner has the burden of establishing that the evidence preponderates against the post-conviction court's findings. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). This court may not re-weigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Nichols, 90 S.W.3d at 586. Furthermore, the credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

## I. Ineffective Assistance of Trial Counsel

Ineffective assistance of counsel claims are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001). Thus, the post-conviction court's findings of fact underlying a claim of ineffective assistance of counsel are reviewed under a de novo standard, accompanied with a presumption that the findings are correct unless the preponderance of the evidence is otherwise. Fields, 40 S.W.3d at 458 (citing Tenn. R. App. P. 13(d)). The post-conviction court's conclusions of law are reviewed under a de novo standard with no presumption of correctness. Id.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the defendant to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockart v. Fretwell, 506 U.S. 364, 368-72 (1993). A defendant will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley, 960 S.W.2d at 580. The performance prong requires a defendant raising a claim of ineffectiveness to show that counsel's representation was deficient, thus fell below an objective standard of reasonableness or was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The prejudice prong requires a defendant to demonstrate that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability means a probability sufficient to undermine confidence in the outcome." Id. Failure to satisfy either prong results in the denial of relief. Id. at 697, 700. The Strickland standard has also been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective"

assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland, 466 U.S. at 687; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The post-conviction court accredited counsel's testimony and found that the Petitioner had failed to show that he was "prejudiced by trial counsel's allegedly deficient conduct." Our review of the record reveals nothing that would preponderate against those findings. The Petitioner complains that counsel did not meet with him a sufficient number of times, that she failed to hire an investigator, that she did not adequately prepare for trial, and that she did not file certain motions and make proper objections. However, he made no showing that but for these actions or inactions of counsel, the result of his trial might have been different. Specifically, he did not present any evidence regarding what additional meetings with counsel would have revealed, what an investigator would have discovered, what effect additional preparation by counsel would have had, what viable motions should have been filed, and what objections should have been made. Therefore, we conclude that the Petitioner has failed to prove that he was prejudiced by the alleged deficiencies in counsel's representation and, as such, is not entitled to relief.

## II. Ineffective Assistance of Appellate Counsel

The Due Process and Equal Protection clauses of Fourteenth Amendment to the United States Constitution guarantee a criminal defendant the right to representation by counsel on his first appeal. See Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995). As with trial counsel, the right to representation of appellate counsel also "necessarily includes the right to effective assistance of counsel." Id. (citing Evitts v. Lucey, 469 U.S. 387 (1985)). The same principles apply in determining effective assistance of both trial and appellate counsel, and a petitioner must show both deficient performance and prejudice. Id. That is, a petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was unreasonable in failing to adequately pursue or preserve a particular issue on appeal and that absent counsel's deficient performance there was a reasonable probability that the issue "would have affected the result of the appeal." Campbell, 904 S.W.2d at 597; see also Carpenter v. State, 126 S.W.3d 879, 886-88 (Tenn. 2004).

However, it is well-settled that, in some cases, "counsel's performance is so deficient that it becomes presumptively prejudicial." Wallace v. State, 121 S.W.3d 652, 657 (Tenn. 2003) (citing United States v. Cronic, 466 U.S. 648 (1984)). That is, "when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' the process becomes 'presumptively unreliable' and proof of actual prejudice is not required." Id. (quoting Cronic, 466 U.S. at 659). In Wallace, our supreme court held that counsel's failure to file a timely motion for new trial constitutes "abandonment ... at such a critical stage of the proceedings" and results in "the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." Id. at 658. In those cases, such failure is "presumptively prejudicial." Id. The court, however, "declin[ed] to adopt a per se rule regarding a trial counsel's failure to file a motion for new trial." Instead, the court adopted the following test to determine when counsel's deficiency is presumptively prejudicial: "[A] petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence." Id. at 659.

It is well-settled that a motion for new trial must be filed within thirty days of the date the order of sentence was entered. Tenn. R. Crim. P. 33(b). In the instant case, the record reflects that the motion for new trial in the Petitioner's case was never filed. From the evidentiary hearing transcript, it appears that the post-conviction court, post-conviction counsel, and the prosecutor agreed to grant the Petitioner, at minimum, partial relief by granting his motion for a delayed appeal and allowing him to file a motion for new trial; however, the final order denying post-conviction relief is silent as to this issue. Thus, it appears that the request for a delayed appeal was implicitly denied. The Petitioner now challenges the post-conviction court's implicit denial of his request for a delayed appeal. When a petitioner appeals a post-conviction court's denial of a delayed appeal, this court is required to "resolve this issue along with any other issues raised in the post-conviction appeal." Tenn. R. Sup. Ct. R. 28, § 9(D)(2)(a).

In light of the foregoing, we conclude that counsel's complete failure to file a motion for new trial constituted deficient performance. See Wallace, 121 S.W.3d at 657 (holding that "counsel's failure to file a timely motion for new trial . . . was deficient"); Ricky Lynn Earls v. State, No. M2003-3011-CCA-R3-PC, 2005 WL 901142, at *5 (Tenn. Crim. App. Apr. 19, 2005) ("[W]e have no hesitation in agreeing with the trial court that Counsel's failure to file timely a motion for new trial on behalf of the Defendant was deficient performance."). Because counsel did not file a motion for new trial, she failed to "preserve and pursue the available post-trial remedies," save the Petitioner's challenge to the sufficiency of the evidence and sentencing issues. This waiver constituted a complete "failure to subject the State to the adversarial appellate process." Wallace, 121 S.W.3d at 658. As such, the

Petitioner presumptively was prejudiced by counsel's deficient performance, the proper analysis in the instant case is the presumed prejudice analysis of <u>Wallace</u>, rather than an actual prejudice analysis. <u>See</u> <u>id.</u>

At the evidentiary hearing, even the prosecutor agreed that such complete failure constituted ineffective assistance of counsel and that a delayed appeal was proper; we agree. Counsel's failure to file a motion for new trial completely deprived the Petitioner of meaningful appellate review of his convictions. That the Petitioner was in fact given an appeal in which he raised a sole sentencing issue is of no consequence. <u>See</u> <u>Wallace</u>, 121 S.W.3d at 658 ("We cannot dispose of the issue of whether the defendant was unconstitutionally denied a direct appeal based solely upon a determination that there was appellate review of one unwaived issue".). Of particular note, however, is that counsel did not even challenge the sufficiency of the evidence on appeal, and her own testimony demonstrated that the evidence against the Petitioner was less than overwhelming. Further, the record clearly reflects that the Petitioner "intended to file a motion for new trial, and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence." <u>Id.</u> at 659. Counsel's failure to even raise a basic issue such as the sufficiency of the evidence is further evidence that her deficiency resulted in a complete failure to subject the State's case to appellate scrutiny, as evidenced by a sole sentencing issue being raised on appeal. <u>See</u> <u>id.</u> at 660. As a direct result of counsel's ineffective assistance, the Petitioner was procedurally barred from pursuing all conviction-related issues on appeal, and the State's case was not subjected to adversarial scrutiny on direct appeal. <u>Id.</u> Therefore, we conclude that counsel's failure to file a motion for new trial constituted ineffective assistance of counsel, and the Petitioner is entitled to a delayed appeal.

<u>CONCLUSION</u>

Based upon the foregoing, the judgment of the post-conviction court is affirmed in part and reversed in part. The case is remanded to the trial court for the trial court to authorize a motion for new trial to be made within thirty days.

_____
D. KELLY THOMAS, JR., JUDGE