# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

Assigned on Briefs October 7, 2014

## MICHAEL DESHAWN SMITH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Fayette County**
**No. 6229    J. Weber McCraw, Judge**

_____

**No. W2013-01344-CCA-R3-PC - Filed December 15, 2014**

_____

The Petitioner, Michael Deshawn Smith, appeals the Fayette County Circuit Court's denial of post-conviction relief from his conviction for second degree murder. On appeal, the Petitioner argues that he received ineffective assistance of counsel based on counsel's failure to include a transcript of the plea submission hearing in the record on direct appeal. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Andrea Sipes Lester, Jackson, Tennessee (on appeal); and David A. Stowers, Bolivar, Tennessee (at hearing), for the Petitioner, Michael Deshawn Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Mike Dunavant, District Attorney General; and Catherine Walsh, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner's conviction stems from the shooting death of the victim, Norquell McNeal, on March 4, 2009, in Somerville, Tennessee. On December 8, 2009, the Petitioner entered a guilty plea to second degree murder and was subsequently sentenced as a Range I, standard offender to twenty-three years' imprisonment to be served at 100 percent.

On direct appeal, the Petitioner challenged the length of his sentence as excessive. See State v. Michael Deshawn Smith, No. W2010-00344-CCA-R3-CD, 2011 WL 1466443 (Tenn. Crim. App. Apr. 18, 2011). This court declined to review the merits of the

Petitioner's claim because the guilty plea hearing transcript was not included in the appellate record. Id. at *4. Although the Petitioner argued that the record provided sufficient information to conduct a de novo review, this court disagreed, noting that "the [Petitioner] here was the sole witness to testify at the sentencing hearing about the nature of his offense. . . . [N]o matter how developed a record may appear, this court cannot know the full extent unless the guilty plea transcript is included." Id. at *5. As a result, this court affirmed the Petitioner's sentence on the presumption that the trial court's ruling was supported by sufficient evidence. Id. The opinion nevertheless included a full recitation of the evidence presented at the Petitioner's January 11, 2010 sentencing hearing. See id. at *1-3.

On March 30, 2012, the Petitioner filed a timely pro se petition for post-conviction relief. The Petitioner was subsequently appointed counsel, who filed an amended petition on the Petitioner's behalf. The following evidence, as relevant to this appeal, was adduced at the April 17, 2013 post-conviction hearing.

**Post-Conviction Hearing.** The Petitioner testified that he was charged with first degree murder and that he met with his appointed counsel "numerous . . . times." They discussed the defense theory of self-defense nearly every time they met. The Petitioner did not have any prior convictions and initially intended to go to trial. He declined the State's first plea offer of twenty years at 100 percent because he wanted a lesser charge. He accepted the second offer of an open plea to second degree murder. The Petitioner discussed sentencing with counsel and understood that his range was within fifteen to twenty-five years and that the trial court would sentence him at its discretion. However, he was under the impression that he would receive less than twenty years because he did not have a prior criminal record. The Petitioner did not see his counsel after his sentencing hearing. On direct appeal, he wanted to challenge his twenty-three-year sentence and the trial court's application of enhancement factors. He said that counsel filed his appeal but that it was denied "because the record was not complete."

Counsel testified that she was appointed to represent the Petitioner when he was arrested and that she handled the case from general sessions court to the direct appeal. After several months of negotiating with the State, she was able to obtain an open plea to second degree murder. The State had refused to accept a manslaughter plea because the victim's family was very involved. Counsel reviewed the sentencing statute with the Petitioner, and they discussed the range of punishment and how mitigating and enhancement factors might affect the sentence. Counsel thought it was important that the Petitioner had some prior arrests but no convictions. She hoped that the trial court would impose a sentence at the lower end of the range, but she never "guarantee[s] anybody anything because you don't know what could happen."

Counsel acknowledged that it was an oversight that she did not include the guilty plea hearing transcript in the record on direct appeal. On previous sentencing appeals, she was accustomed to having the plea and the sentencing occur on the same day in a single transcript, which was not the case for the Petitioner. Therefore, she only requested the sentencing hearing transcript, and her decision was not tactical. She admitted that after the Petitioner's case, she realized that the plea transcript "is something that the Court of Criminal Appeals feels is imperative to be in the record."

On cross-examination, counsel agreed that the Petitioner's sentencing hearing was more thorough than the guilty plea hearing. She recalled that the Petitioner testified at the sentencing hearing and admitted to shooting the victim. She also stated that the presentence report was entered into evidence which included "an official version of the facts[.]" Counsel testified that during the plea hearing, the State submitted various exhibits, which were included in the appellate record. She said that "[m]ost of the State's information was about those exhibits." The exhibits included the Petitioner's video statement as well as a written confession. Counsel appealed the Petitioner's twenty-three-year sentence because she "felt that the Court had enhanced him too far above the minimum of 15 years." She stated that "one of the main issues in the appeal" was the trial court's misapplication of enhancement factor (10), that the Petitioner "had no hesitation about committing a crime when the risk to human life was high[.]"[1] The Petitioner's appellate brief, the State's response brief, and the Petitioner's reply brief were admitted into evidence. Counsel recalled that the State conceded in its brief that enhancement factor (10) was improperly applied to the Petitioner's case but nevertheless argued that the sentence was proper based on the Petitioner's use of a firearm and his prior criminal behavior.

Counsel further testified on cross-examination that the State's primary argument was that the Petitioner had waived appellate review based on the omission of his guilty plea transcript. Counsel then considered the options to remedy the lack of a transcript so that the Petitioner "could still have appellate review of his sentence." After consulting with her boss and researching the issue, she decided to file a reply brief arguing that the guilty plea transcript was not necessary for appellate review. Counsel had hoped that the appellate court would conduct a full review of the Petitioner's sentence based on the submitted record, which she opined was "voluminous." In reviewing the guilty plea transcript, she did not find "a succinct recitation of the facts" or "anything that was in that hearing that was not already available for Appellate Court review through the record and through the sentencing hearing."

---

[1] See T.C.A. § 40-35-114(10) (2010).

On redirect examination, counsel acknowledged that it was not her intention to waive appellate review of the Petitioner's sentence and that the appellate court did not address the merits of her argument.

At the conclusion of the hearing, the post-conviction court took the matter under advisement and requested that the parties submit briefs on the issue of whether the Petitioner was entitled to a delayed appeal. On May 10, 2013, the court entered a written order denying relief. The Petitioner timely appealed the post-conviction court's order.

## ANALYSIS

On appeal, the Petitioner argues that counsel was ineffective at the appellate level by failing to include a transcript of the guilty plea hearing in the record. He contends that counsel's failure precluded him from obtaining meaningful review of his sentence and that he is entitled to a delayed appeal. The State responds that the post-conviction court properly denied relief because the Petitioner failed to establish that he was prejudiced by counsel's omission. We agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation marks and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotation marks and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the evidence establishes that the attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). This two-prong Strickland test applies to claims of ineffective assistance of counsel at either the trial or appellate levels. See Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995) (citing Evitts v. Lucey, 469 U.S. 387 (1985)). In other words, a petitioner alleging ineffective assistance of appellate counsel must prove both the unreasonable performance of counsel on direct appeal and actual prejudice resulting from that performance. Id.; see also Carpenter v. State, 126 S.W.3d 879, 886 (Tenn. 2004).

Citing Wallace v. State, 121 S.W.3d 652 (Tenn. 2003), the Petitioner contends that counsel's deficiency should be considered "presumptively prejudicial." He asserts that "there was no meaningful, adversarial review of [his] sentence due to the guilty plea transcript not being filed." However, Petitioner's reliance on Wallace is misplaced. In Wallace, our supreme court held that a defense counsel's complete failure to file a motion for new trial or

otherwise preserve the defendant's appellate remedies can constitute performance so deficient that it becomes presumptively prejudicial. See Wallace, 121 S.W.3d at 657. Conversely, where counsel files a motion for new trial but fails to raise certain issues, the defendant must prove "actual prejudice" in order to be entitled to relief. See State v. Kenneth S. Griffin, No. E2000-02471-CCA-R3-CD, 2001 WL 710178, at *2 (Tenn. Crim. App. June 25, 2001), perm. app. denied (Tenn. Oct. 1, 2001). Here, counsel timely filed a notice of appeal and litigated the issue of whether the appellate record was sufficient for meaningful review of the Petitioner's sentence. Therefore, we cannot conclude that counsel's omission "amounted to a complete failure to subject the State's case to appellate scrutiny." Wallace, 121 S.W.3d at 660; see also Courtney Anderson v. State, No. W2008-02814-CCA-R3-PC, 2010 WL 432414, at *6 (Tenn. Crim. App. Feb. 5, 2010) (affirming denial of post-conviction relief because petitioner failed to establish a reasonable probability that inclusion of the plea submission hearing transcript would have resulted in a different sentence), perm. app. denied (Tenn. Oct. 12, 2010).

Alternatively, the Petitioner argues that actual prejudice is shown in this case because there is a reasonable probability that the outcome of the direct appeal would have been different given that he was sentenced eight years above the minimum in his range despite his lack of a prior criminal record and the State's concession that an enhancement factor was erroneously applied. Accordingly, he asserts that he is entitled to a delayed appeal of his sentence.

In its order denying relief, the post-conviction court accredited the testimony of counsel and found that counsel "provided adequate assistance other than the filing of the plea transcript." The court concluded:

> This Court does find that [counsel] should have filed the plea transcript as required. However, even with this Court considering an enhancement factor that may have been improper, the sentence was well within the prerogative of the Court. The petitioner has failed to demonstrate that the outcome by the Appellate Court would have reached a different result.

After reviewing the record, including the guilty plea hearing transcript that was omitted on direct appeal, we agree with the post-conviction court that the Petitioner has failed to show that he was prejudiced by counsel's deficient performance. See Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697). At the evidentiary hearing, the Petitioner did not present any proof or argument to establish a reasonable probability that the inclusion of the plea submission hearing transcript would have resulted in a different sentence. In response to the post-conviction court's questioning on this issue, post-conviction counsel maintained that the omission was presumptively prejudicial and that the Petitioner was

entitled to a delayed appeal. However, post-conviction counsel acknowledged that the sentencing factors were merely advisory and that the trial court had the discretion to sentence the Petitioner within the appropriate range. See State v. Carter, 254 S.W.3d 335, 345-46 (Tenn. 2008). Upon review, we conclude that the Petitioner has not demonstrated that but for counsel's failure to prepare an adequate record on appeal, the outcome of the proceeding would have been different. Accordingly, we affirm the judgment of the post-conviction court.

## CONCLUSION

After a thorough review of the record and the applicable law, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE