FILED

06/13/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2019

**JOSHUA L. HUTCHERSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henderson County**
No. 15-092-3            Kyle Atkins, Judge
_____

**No. W2018-01135-CCA-R3-PC**
_____

Following the post-conviction court's granting of a delayed appeal, the petitioner challenges the trial court's application of enhancement factor (6) in determining the petitioner's sentence. After reviewing the record and considering the applicable law, we conclude the post-conviction court did not follow the proper procedures in granting a delayed appeal and remand the case to the post-conviction court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, Vacated, and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and CAMILLE R. MCMULLEN, J., joined.

Michael Thorne, Lexington, Tennessee, for the appellant, Joshua L. Hutcherson.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Chris Post, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On October 19, 2015, the petitioner, Joshua L. Hutcherson, entered an open plea to four counts of vehicular assault, one count of driving on a revoked license with prior DUI, four counts of reckless aggravated assault, one count of leaving the scene of an accident, and one count of felony reckless endangerment, with sentencing to be determined by the trial court. A sentencing hearing was held on December 18, 2015, and

the petitioner received an effective sentence of fourteen years. An appeal of the trial court's sentencing determination was not filed.

On July 28, 2016, the petitioner filed a timely pro se petition for post-conviction relief, alleging the trial court erred in imposing consecutive sentences. After the appointment of counsel, the petitioner filed an amended petition for post-conviction relief, arguing the trial court's application of enhancement factor (6) was erroneous. The petitioner subsequently filed a second amended petition for post-conviction relief requesting a delayed appeal based on trial counsel's failure to pursue an appeal of the petitioner's sentence.

On May 21, 2018, without holding an evidentiary hearing, the post-conviction court entered an order granting the petitioner a delayed appeal. This timely appeal followed.

*Analysis*

On appeal, the petitioner argues the trial court erred in applying enhancement factor (6) because the factor is also an element of one of the crimes for which he was being sentenced. However, before addressing this issue on the merits, we must first determine whether the post-conviction court followed the proper procedures in granting the petitioner a delayed appeal.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The petitioner bears the burden of proving his post-conviction factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo,* affording a presumption of correctness only to the post-conviction court's findings of fact. *Id.*; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance

prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id.* Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.*; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Our supreme court has addressed the issue of trial counsel's failure to timely file a motion for new trial, finding it both "deficient" and "presumptively prejudicial" because it "resulted in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial process." *Wallace v. State*, 121 S.W.3d 652, 658 (Tenn. 2003). However, the Court stopped short of adopting a per se rule. Rather, the Court concluded

a petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence.

*Id.* at 659.

Here, although the petitioner requested a delayed appeal due to trial counsel's failure to appeal his sentence, he failed to include "allegations of fact" supporting his claim that trial counsel was ineffective and a delayed appeal was warranted. Tenn. Code Ann. § 40-30-104(e). The argument section of his petition simply quotes the language of Tennessee Supreme Court Rule 28, section 9(D) and Tennessee Code Annotated section 40-30-113 without alleging any facts supporting his request for relief.

Furthermore, the post-conviction court failed to follow the procedures outlined in Tennessee Code Annotated section 40-13-113(a) in granting the petitioner a delayed appeal.

(a) When the trial judge *conducting a hearing* pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

(b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order for the appellate court determining the appeal.

(c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

Tenn. Code Ann. § 40-30-113 (emphasis added).

Here, the post-conviction court entered an order granting the petitioner a delayed appeal without holding the required hearing. In addition, the court's order did not contain any findings of fact or conclusions of law. Because the record does not contain the post-conviction court's reasoning for granting the delayed appeal, we are unable to determine whether the delayed appeal was properly granted or whether the petitioner is entitled to relief on the issues before us.

Before granting a delayed appeal, the post-conviction court should have followed the procedure outlined in Tennessee Code Annotated section 40-30-113(a)(3) and conducted a hearing to determine whether a delayed appeal is appropriate based on trial counsel's failure to file an appeal. Accordingly, we reverse and vacate the order granting the delayed appeal and remand this case to the post-conviction court for proceedings consistent with this opinion.

### *Conclusion*

Because the post-conviction court failed to follow the proper procedures prior to granting the petitioner a delayed appeal, we reverse and vacate the order granting a delayed appeal and remand the case to the post-conviction court for further proceedings consistent with this opinion.

_____
J. ROSS DYER, JUDGE